967 So.2d 1151 (2007)
Hunter HARRIS, III
v.
Elizabeth STOGNER, et al.
No. 2007-CC-1451.
Supreme Court of Louisiana.
November 9, 2007.
PER CURIAM.
On October 14, 2002, plaintiff, Hunter Harris, filed the instant suit against defendants. Defendants filed their answer on December 20, 2002. Thereafter, nothing took place on the record of the suit until June 13, 2006, when plaintiff filed discovery requests.
Thereafter, defendants filed an ex parte motion pursuant to La.Code Civ. P. art. 561. Defendants sought to dismiss the action on grounds of abandonment, arguing no action took place in the case for more than three years. The district court signed the judgment of dismissal.
Plaintiff filed a motion to vacate/set aside the order of dismissal, which the district court denied. Plaintiff then filed a motion to reconsider the ruling on the motion to vacate/set aside the order of dismissal, apparently arguing that his failure to file any pleadings prior to the running of the three-year abandonment period was due to circumstances beyond his control as a result of Hurricane Katrina. The district court granted plaintiff's motion to vacate and set aside the order of dismissal, finding that plaintiff's failure to prosecute was caused by "circumstances beyond his control."
Defendants applied for supervisory review. The Court of Appeal, Fourth Circuit, denied the writ in a split decision. The majority found that plaintiff did not intend to abandon his case, noting that "Hurricane Katrina was beyond everyone's control." The majority also found that plaintiff "met his burden of proof" under La. R.S. 9:5822[1] and La. R.S. 9:5824.[2] The concurring judge would have denied *1152 the writ on the showing made, finding defendants had an adequate remedy on appeal. This application followed.
At the outset, we find it is undisputed that no formal action took place in this case for more than three years between December 20, 2002 (the date defendants filed their answer) and June 13, 2006 (the date plaintiff filed discovery requests). Nonetheless, plaintiff argues that he was unable to prosecute the suit based on circumstances beyond his control.
The jurisprudence has recognized a general exception to abandonment, based on the doctrine of contra non valentem, in cases where a party is affected by circumstances beyond his control. See Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779. However, in cases where the exceptional circumstances arise as a result of Hurricanes Katrina or Rita, we find the specific legislation in La. R.S. 9:5822 and La. R.S. 9:5824 supercedes the general jurisprudential exception.
Pursuant to La. R.S. 9:5822, the abandonment period in this case, which ordinarily would have expired on December 20, 2005, is extended until January 4, 2006. Thereafter, La. R.S. 9:5824 provides that a party, by contradictory motion, may seek a further extension until June 1, 2006.
As defendants point out, there is no indication plaintiff filed a contradictory motion requesting an extension, as mandated by La. R.S. 9:5824. However, even assuming for sake of argument that he did, any extension granted under that statute would have expired on June 1, 2006. Plaintiff took no action in the suit until nearly two weeks later, on June 13, 2006.
Under these circumstances, we find plaintiff's suit is abandoned. The district court erred in finding otherwise.
Accordingly, the writ is granted. The judgment of the district court is reversed, and the case is remanded to the district court, which is instructed to render judgment dismissing plaintiff's suit as abandoned pursuant to La.Code Civ. P. art. 561.
NOTES
[1] La. R.S. 9:5822 provides, in pertinent part:

All prescriptions, including liberative, acquisitive, and the prescription of non-use, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.
[2] La. R.S. 9:5824 provides, in pertinent part:

A party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes, or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension of prescription, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006.