999 So.2d 795 (2008)
TRUE GOSPEL OF JESUS CHRIST CHURCH MINISTRY
v.
Sterling DOUCETTE, Sr. and Doucette & Associated Contractors, Inc.
No. 2008-CA-0634.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
*796 Danatus N. King, New Orleans, LA, for Defendants/Appellants.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD).
LOMBARD, Judge.
Defendants/Appellants, Sterling Doucette, Sr. and Doucette and Associated Contractors, Inc., (hereinafter collectively referred to as "Doucette"), appeal the trial court's judgment dismissing the reconventional demand against Plaintiff/Appellee, True Gospel of Jesus Christ Church Ministry ("True Gospel"), on the grounds of abandonment. For the reasons set forth below, we reverse the trial court's judgment, set aside the dismissal of Doucette's reconventional demand, and remand the case to the trial court for further proceedings.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
In July of 1998, the True Gospel Church building at 138 N. Broad Street was struck by lightning and sustained extensive internal and external damage. As a result, True Gospel hired Doucette, a contractor, to repair the damage to the church. Although a written contract had not yet been drafted nor signed by the parties, True Gospel, through its pastor, Reverend Eldridge Hunter, advanced Doucette $25,000 for the purposes of preliminary work, obtaining permits, and providing immediate repairs necessary to protect the facility from the elements.
According to True Gospel, Doucette's crew showed up to work on the church on a sporadic basis and by October 1998, very little work had been completed. True Gospel also learned that Doucette had not yet obtained the permits required to do much of the renovations to the church. Nonetheless, True Gospel agreed to advance Doucette an additional $25,000, but requested that Doucette step up the pace on the construction work and obtain the necessary permits as soon as possible. True Gospel alleges that after receiving the additional $25,000 payment on October 9, 1998, Doucette's crew only worked on the church on one occasion. When Rev. Hunter called to inquire as to Doucette's intentions, he was allegedly told that Doucette had not obtained the permits and would no longer be working on the church. Various independent contractors and appraisers hired by Rev. Hunter assessed the value of the materials used and work performed by Doucette as $15,000 to $18,000.
On October 23, 1998, True Gospel filed suit against Doucette alleging damages for Doucette's negligent and incomplete construction work and for the funds allegedly converted by Doucette. On November 23, 1998, after Doucette failed to respond to the lawsuit, True Gospel filed a Motion for Default, which the trial court granted on December 4, 1998. However, on the same day the judgment confirming the default was signed, Doucette filed an Answer to True Gospel's Petition as well as a Reconventional Demand against True Gospel. In its Reconventional Demand, Doucette *797 admitted receiving the $50,000 from True Gospel, but alleged that it actually performed more than $120,000 worth of work on the church. Doucette's Reconventional Demand further alleged that as a result of True Gospel's failure to pay Doucette, Doucette was unable to pay its sub-contractors or material suppliers, its reputation had been disparaged, its profitability had been negatively impacted, and Mr. Doucette had suffered severe emotional stress. Although a default judgment had been granted, on December 16, 1998, True Gospel filed a Motion for Extension of Time in Which to Respond to Reconventional Demand. Doucette subsequently filed a Motion to Annul the judgment. After True Gospel agreed not to oppose the Motion to Annul, the trial court granted the annulment on February 8, 1999.
On February 21, 1999, True Gospel, as Defendant-in-Reconvention, filed a Second Motion for Extension of Time to Respond to Doucette's Reconventional Demand. On February 19, 1999, Doucette filed a First Amended Reconventional Demand, adding a claim for defamation. On March 30, 1999, True Gospel filed an Answer and Exceptions to Doucette's Original and Amended Reconventional Demands. The only other pleadings subsequently filed into the trial court record are a June 29, 1999 Motion to Withdraw filed by Robert G. Harvey, the former attorney of True Gospel; a February 24, 2000 Motion to Enroll filed by D. Majeeda Snead, counsel for True Gospel; a February 24, 2000 Request for Notice filed by attorney Snead; a May 10, 2001 Request for Notice by Danatus N. King, attorney for Doucette; and finally, a September 5, 2001 Notice of Change of Address filed by attorney King.
On January 14, 2008, True Gospel, through its attorney, Ernestine Anderson-Trahan, filed a Motion and Order of Dismissal of Doucette's Reconventional Demand on the Grounds of Abandonment. In its support of its motion, True Gospel argued that since no pleadings had been filed since September 5, 2001, Doucette's Reconvetional Demand had been abandoned. On January 14, 2008, the trial court granted True Gospel's Motion and dismissed the reconventional demand as abandoned as of September 5, 2004.
On February 15, 2008, Doucette filed a Motion to Set Aside the Dismissal of his Reconventional Demand. In support of his motion, Doucette attached several exhibits, including correspondence between counsel for the parties dated July 31, 2003, confirming their agreement to waive abandonment of their respective claims; True Gospel's December 23, 2003 Responses to Interrogatories propounded by Doucette; and the cover page of the deposition transcript of the June 26, 2007, deposition of Rev. Hunter. After a hearing, the trial court denied Doucette's Motion on March 28, 2008,[1] and Doucette subsequently filed this appeal.

STANDARD OF REVIEW
The only issue before this Court on appeal is whether the trial court's judgment deeming Doucette's Reconventional Demand abandoned pursuant to La.Code Civ. Proc. art. 561 was legally correct. Whether an action has been abandoned is a question of law. Olavarrieta v. St. Pierre, 04-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568. This Court has held that with regard to abandonment actions pursuant to article 561, the standard of review of the appellate court is simply to establish whether the lower *798 court's interpretive decision is correct. Escoffier v. City of New Orleans, 06-1005, p. 2 (La.App. 4 Cir. 4/11/07), 957 So.2d 216, 218.

DISCUSSION
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La.Code Civ. Proc. art. 561. In the present case, the last pleadings filed in the record were a Request for Notice and a Notice of Change of Address filed by Attorney King on September 5, 2001. However, the law is clear that Requests for Notice and Notices of Change of Address are not considered steps in the prosecution of the action. See, e.g., Haisty v. State Dept. of Transp. & Dev., 25,670 (La.App. 2 Cir. 3/30/94), 634 So.2d 919; Causey v. Caterpillar Machinery Corp., 02-0746 (La.App. 4 Cir. 6/26/02), 822 So.2d 188. Thus, since the September 5, 2001, filings cannot be considered a step in the prosecution or defense of an action, this date must be eliminated. Likewise, the February 24, 2000 Request for Notice filed by attorney Snead must also be eliminated. The next most recent pleadings are the June 29, 1999 Motion to Withdraw filed by Robert G. Harvey, the former attorney of True Gospel, and a February 24, 2000 Motion to Enroll filed by D. Majeeda Snead, counsel for True Gospel. However, it is also well established that motions to withdraw, enroll or substitute counsel are not considered a formal step in the prosecution as contemplated by La. Code Civ. Proc. art. 561. Brumfield v. McElwee, 07-0548, p. 2 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, 237. Therefore, these dates are also eliminated.
Thus, the most recent pleading filed in the trial court which constituted a formal step in the prosecution or defense of the Reconventional Demand was True Gospel's Answer and Exceptions to Doucette's Reconventional Demand on March 30, 1999. And, since no pleadings were filed into the record within the legislatively prescribed three-year period, here between March 30, 1999 and March 30, 2002, the action does appear to be abandoned on its face.
Nevertheless, after a review of the record we have before us, we find that True Gospel's post-abandonment conduct prevents it from now pleading abandonment. In his opposition to the motion to dismiss, Doucette cited the jurisprudentially created exception to article 561 concerning a defendant's post-abandonment conduct. This exception holds that an otherwise abandoned cause of action may be ineligible for a claim of abandonment, either before or after the three-year period elapses, "when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned." Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 7 (La.5/15/01), 785 So.2d 779, 785. Doucette argued that True Gospel's December 2003 Responses to Interrogatories and June 2007 deposition of Rev. Hunter created an exception to article 561, thereby serving as a waiver of True Gospel's right to plead abandonment. We agree.
Louisiana jurisprudence recognizes that certain actions taken by a defendant after the accrual of the abandonment period can constitute a waiver of the right to have a case dismissed for abandonment. Clark, supra, p. 7, 785 So.2d at 785. However, the waiver exception to article 561 has been applied only where, after the abandonment period has accrued, a defendant has taken steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant's willingness or consent to achieve judicial resolution of the dispute. Satterthwaite v. *799 Byais, 05-0010, p. 4 (La.App. 1 Cir. 7/26/06), 943 So.2d 390, 393.
Provoking or responding to discovery has been held to be an action sufficient to waive abandonment. Clark, supra, p. 15, 785 So.2d at 789, fn. 15, citing Frank L. Maraist & Harry T. Lemmon, Louisiana Law Treatise: Civil Procedure § 10.4 at 244 (1999). Therefore, True Gospel's December 26, 2003 action in submitting responses to interrogatories propounded by Doucette was conduct constituting a waiver of its right to assert abandonment of the reconventional demand and, therefore, the three-year abandonment period began anew on that date. But Doucette's claim could still be deemed abandoned if either he or True Gospel failed to take any steps in the prosecution or defense of the case in the following three years, which would normally have ended on December 26, 2006. However, Executive Orders KBB 2005-32, 2005-48, and 2005-67, suspended all deadlines in legal proceedings, including liberative prescriptive and preemptive periods, from August 29, 2005 until November 25, 2007, a period of eighty-nine days, because of Hurricane Katrina. The three-year period for abandonment is treated as a form of liberative prescription.
Doucette has also provided evidence that he propounded additional discovery on True Gospel on March 13, 2007. With the additional eighty-nine days added to the December 26, 2003 date, the three-year abandonment period would have ended on March 22, 2007. Therefore, the discovery propounded by Doucette on March 13, 2007 constituted a timely interruption of the three-year period for abandonment. Moreover, even if the issuance of this discovery did not stop the accrual of the three-year period, True Gospel again waived its right to plead abandonment when it produced its client, Rev. Hunter, for deposition in June 2007. Hence, Doucette's claim may not be deemed abandoned.

DECREE
It is unclear why the trial court found that Doucette's Reconventional Demand should be dismissed as abandoned since the court did not issue reasons for its judgment and we do not have the benefit of a transcript of the hearing on the Motion to Set Aside the Dismissal. However, based on a review of the record that we have before us, we find that the trial court erred in granting True Gospel's Motion to Dismiss [Doucette's] Reconventional Demand on the grounds of abandonment. Although a cursory review of the pleadings filed in the trial court appears to indicate that no action was taken by either party in more than three years and the reconventional demand was abandoned on March 30, 2002, True Gospel's conduct in responding to discovery in December 26, 2003, after the abandonment period had accrued caused the abandonment period to begin anew. Further, the record shows that Doucette propounded additional discovery upon True Gospel before the new three-year period accrued, and therefore, the claim was not abandoned. Accordingly, the judgment of the trial court is reversed, the dismissal of Doucette's reconventional demand is set aside, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The trial court did not assign reasons for judgment and we do not have the transcript of the hearing in the record on appeal.