CARTER, C.J.
 

 | aThis appeal concerns whether Plaintiffs suit is abandoned pursuant to La. Code Civ. P. art. 561.
 

 FACTS AND PROCEDURAL HISTORY
 

 On May 12, 1999, Compensation Specialties, L.L.C. (Plaintiff), filed suit against New England Mutual Life Insurance Company (Defendant).
 
 [1]
 
 Defendant answered the petition on May 9, 2002. On May 6, 2005, Plaintiff propounded its first written interrogatories and request for production of documents to Defendant. There was no further action on the record until March
 
 *278
 
 26, 2008, at which time Plaintiff filed a motion and order to substitute counsel.
 

 On June 4, 2008, Defendant filed a motion seeking dismissal of Plaintiffs suit on the basis of lack of prosecution. Defendant accompanied its motion with an affidavit signed by defense counsel, attesting that “no steps have been taken in the prosecution or defense of the above referenced matter for over [three] years and, more particularly, no discovery pleadings have been served since the 6th day of May, 2005.”
 
 [2]
 

 Thereafter, on June 9, 2008, counsel for Plaintiff filed a motion to enroll additional counsel and to set a status conference for the purpose of setting a trial date. That same day, Plaintiff filed a memorandum in opposition to Defendant’s motion to dismiss.
 

 | sThe trial court set the matter for a contradictory hearing, which was held on July 16, 2008. The hearing consisted solely of argument of counsel; no evidence was taken. At the conclusion of the hearing, the trial court denied Defendant’s motion to dismiss.
 

 In denying Defendant’s motion to dismiss, the trial court relied on a May 11, 2005, letter from defense counsel to Plaintiffs counsel confirming an informal extension of time to reply to discovery as a step in the defense of the suit such that it interrupted the abandonment period. This letter is not in the record, and it was not offered into evidence at the hearing.
 

 The judgment denying the motion to dismiss was signed on August 1, 2008. Defendant filed with this court an application for a supervisory writ, seeking reversal of the trial court’s denial of its motion to dismiss. On August 28, 2008, the writ was denied. Chief Judge Burrell J. Carter dissented, noting he “would grant the writ and dismiss the lawsuit as abandoned under La. C.C.P. art. 561.
 
 Satterthwaite v. Byais,
 
 2005-0010 (La.App. 1 Cir. 7/26/06), 943 So.2d 390.”
 

 On October 24, 2008, the Louisiana Supreme Court granted Defendant’s application for supervisory and remedial writs and remanded the case back to this court for “briefing, argument and opinion.” On October 27, 2008, this court issued a stay pending further orders of this court.
 

 After careful review of the record and consideration of the controlling legislation and jurisprudence, we reverse the trial court judgment denying Defendant’s motion to dismiss and render judgment dismissing Plaintiffs suit as abandoned by operation of law on May 7, 2008.
 

 [STANDARD OF REVIEW
 

 The pertinent facts are undisputed, and the issues herein are limited to questions of law. Supervisory review of legal issues is simply to determine whether the trial court’s judgment was legally correct.
 
 Voisin v. International Companies & Consulting, Inc.,
 
 2005-0265 (La.App. 1 Cir. 2/10/06), 924 So.2d 277, 279,
 
 writ denied,
 
 2006-1019 (La.6/30/06), 933 So.2d 132. Appellate courts owe no deference to the legal conclusions of the trial court.
 
 Jackson v. BASF Corp.,
 
 2004-2777R (La.App. 1 Cir. 11/4/05), 927 So.2d 412, 415,
 
 writ denied,
 
 2005-2444 (La.3/24/06), 925 So.2d 1231.
 

 LAW AND ANALYSIS
 

 Louisiana Code of Civil Procedure article 561 governs abandonment and pro-
 
 *279
 
 vides in pertinent part:
 
 [3]
 

 A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three yearsf.]
 

 [[Image here]]
 

 (2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years[.]
 

 [[Image here]]
 

 (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been|fitimely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
 

 [[Image here]]
 

 B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
 

 The Louisiana Supreme Court has held that Article 561 is self-executing; it occurs automatically upon the passing of three years without either party taking a step, and it is effective without a court order.
 
 Clark v. State Farm Mutual Automobile Ins. Co.,
 
 2000-3010 (La.5/15/01), 785 So.2d 779, 784. It is unnecessary for a defendant to file a motion to dismiss with the court in order to make a plaintiffs abandonment of the case effective.
 
 Washington v. City of Baton Rouge,
 
 99-1987 (La.App. 1 Cir. 2/18/00), 752 So.2d 367, 369.
 

 Article 561 imposes three legal requirements: (1) a party must take some step toward the prosecution or defense of the lawsuit; (2) the step must be taken in the trial court and, with the exception of formal discovery, must appear on the record; and (3) the step must be taken within the legislatively-prescribed time period from the last step taken by either party.
 
 James v. Formosa Plastics Corporation of Louisiana,
 
 2001-2056 (La.4/3/02), 813 So.2d 335, 338. A party takes a “step” when it takes formal action before the trial court intended to hasten the matter to judgment.
 
 James,
 
 813 So.2d at 338.
 

 There are two jurisprudential exceptions to the abandonment rule. The first is a plaintiff-oriented exception based upon
 
 contra non valentem,
 
 | ¿which applies when the failure to prosecute is caused by
 
 *280
 
 circumstances beyond the plaintiffs control. The second exception is defense-oriented, based upon acknowledgement, which applies when the defendant waives the right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned.
 
 Clark,
 
 785 So.2d at 784-785. Additionally, the supreme court has declined to allow suits to be dismissed as abandoned on technical formalities.
 
 Clark,
 
 785 So.2d at 786. Any action or step taken to move the case toward judgment should be considered because Article 561 should not be used to dismiss those cases in which a plaintiff has clearly demonstrated no intent to abandon the action.
 
 Voisin,
 
 924 So.2d at 280.
 

 With these legal precepts in mind, we evaluate whether Plaintiffs claim is abandoned by operation of law. Our analysis begins with an identification of the events significant to this determination. Prior to the June 4, 2008, filing of Defendant’s motion to dismiss Plaintiffs suit as abandoned, the last action on the record was the March 26, 2008, motion to substitute counsel. Motions to withdraw, enroll, or substitute counsel are not considered formal steps before the court.
 
 Paternostro v. Falgoust,
 
 2003-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 22,
 
 writ denied,
 
 2004-2524 (La.12/17/04), 888 So.2d 870;
 
 see James,
 
 813 So.2d at 341. Therefore, the March 26, 2008, motion to substitute counsel did not constitute a step in the prosecution of this case.
 

 Earlier, on May 6, 2005, Plaintiff propounded its first written interrogatories and request for production of documents to Defendant. Clearly, this formal discovery, filed into the record that same date, 17constitutes a step in the prosecution of the action.
 
 See
 
 La.Code Civ. P. art. 561 B.
 

 On June 9, 2008, subsequent to the filing of Defendant’s motion to dismiss, Plaintiff filed a motion to enroll additional counsel and to set a status conference for the purpose of setting a trial date. As already discussed, a motion to enroll additional counsel is not a step in the prosecution of an action.
 
 Paternostro, 897
 
 So.2d at 22. However, a motion to schedule a case for trial, if filed in the court record, is a step in the prosecution of an action.
 
 Tinsley v. Stafford,
 
 93-1668 (La.App. 1 Cir. 10/7/94), 644 So.2d 677, 678-679,
 
 writ denied,
 
 94-2753 (La.1/6/95), 648 So.2d 933. Likewise, the filing of a motion for a status conference for the purpose of setting a trial date is a step in the prosecution of the action.
 
 See Dendy v. City National Bank,
 
 2006-2436 (La.App. 1 Cir. 10/17/07), 977 So.2d 8, 13. However, because the June 9, 2008, filing occurred more than three years from the May 6, 2005, step in the prosecution, the case appears to be abandoned by operation of law as of May 7, 2008, and the June 9, 2008, filing is without effect. It is well settled that actions taken by a plaintiff after abandonment has automatically accrued by operation of law are without effect and cannot revive an abandoned action.
 
 Paternostro,
 
 897 So.2d at 24.
 

 Plaintiff advances four arguments in support of its claim that the case was not abandoned on May 7, 2008:
 

 1. May 11, 2005, correspondence from defense counsel to Plaintiffs counsel, confirming an informal extension of time (until June 24, 2005) to respond to discovery interrupted the abandonment period.
 

 2. Executive Order KBB 2005-67 interrupted the legal calendar for two months, two weeks, and three days (89 days) beginning on September 6, 2005, and ending on November 25, 2005.
 

 ls3. Because Plaintiffs case was filed prior to August 26, 2005, it is sub
 
 *281
 
 ject to the five-year exception to the general rules of abandonment.
 

 4. Defense counsel’s actions after filing a motion for abandonment constitute a post-abandonment waiver.
 

 May 11, 2005, Correspondence from Defense Counsel
 

 We first address Plaintiffs claim that May 11, 2005, correspondence from defense counsel to Plaintiffs counsel is a step in the defense of this case, such that the abandonment period was interrupted until June 24, 2005. Accordingly, Plaintiff argues its June 9, 2008, motion to enroll additional counsel and to set a status conference for the purpose of setting a trial date was filed within three years of the last step taken in the prosecution or defense of the action.
 
 [4]
 

 As a preliminary matter, we address the appropriateness of this court’s consideration of the letter, as Plaintiff did not offer the letter into evidence at the hearing. During the hearing on Defendant’s motion to dismiss, counsel for Defendant responded to questioning from the trial court. Defense counsel acknowledged sending the letter to counsel for Plaintiff and indicated that the letter’s purpose was to confirm an informal extension of time, until June 24, 2005, to respond to discovery. It appears Defendant never responded to the discovery request, and a perusal of the record indicates Plaintiff did not file a motion to compel.
 

 The fact that this correspondence was exchanged and the general substance of its contents are not disputed by Defendant and, in this instance, constitute a judicial confession. A judicial confession is a party’s explicit |9admission in a judicial proceeding of an adverse factual element and has the effect of either waiving evidence as to the subject of the admission or withdrawing the matter from issue.
 
 Cichirillo v. Avondale Industries, Inc.,
 
 2004-2894 (La.11/29/05), 917 So.2d 424, 428-429. A judicial confession constitutes full proof against the party who made it, is indivisible, and may be revoked only on ground of error of fact. La. Civ.Code art. 1853.
 

 Responses by counsel to questions posed by the court may constitute judicial confessions, thereby relieving the opposition of the necessity of introducing evidence.
 
 Cichirillo,
 
 917 So.2d at 430;
 
 see also Bardwell v. Faust,
 
 2006-1472 (La.App. 1 Cir. 5/4/07), 962 So.2d 13, 21 n. 7,
 
 writ denied,
 
 2007-1174 (La.9/21/07), 964 So.2d 334 (During argument before the trial court, counsel made a judicial confession bearing upon a material fact of operative dates.);
 
 Jackson v. Moock,
 
 2008-1111 (La.App. 1 Cir. 12/23/08), 4 So.3d 840, 844 (Correspondence was not offered into evidence; however, the fact that the correspondence was exchanged was not disputed.). Therefore, the fact that the May 11, 2005, correspondence was exchanged and the substance of the letter’s content can be considered by this court.
 

 Plaintiff contends the May 11, 2005, letter exchanged between counsel regarding the informal request for an extension of discovery qualifies as a “step” in the defense of this case. However, extrajudicial efforts, such as informal discussions and correspondence between the parties, have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment.
 
 Jackson,
 
 4 So.3d at 844;
 
 see Clark,
 
 785 So.2d at 790.
 

 
 *282
 
 10In
 
 Olavarrieta v. St. Pierre,
 
 2004-1566 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 570,
 
 writ denied,
 
 2005-1557 (La.12/16/05), 917 So.2d 1118, the court held that defense counsel’s written correspondence to the plaintiffs counsel inquiring as to the status of the plaintiffs responses to interrogatories did not constitute a step in the defense of the case sufficient to interrupt abandonment. Consider also the decision of
 
 Hica Steel Foundry & Upgrade Co. v. Arklatex Environmental Consultants, Inc.,
 
 39,460 (La.App. 2 Cir. 4/6/05), 899 So.2d 802, 807, wherein a letter written to suggest “future discovery” was held not to be a step in the prosecution of the case.
 

 Accordingly, the informal written correspondence from defense counsel to Plaintiffs counsel confirming an informal extension of time to respond to discovery cannot be construed as formal discovery as contemplated by Article 561 and, as such, did not interrupt the period of abandonment. Such communications did not prevent Plaintiff from taking, or relieve Plaintiff of the duty to take, some formal action in or before the trial court to hasten the matter to judgment.
 
 See Chevron Oil Co. v. Traigle,
 
 436 So.2d 530, 533 (La.1983);
 
 Olavarrieta,
 
 902 So.2d at 570.
 

 Executive Order KBB 2005-67
 

 Relying on the recent decision of the Louisiana Fourth Circuit Court of Appeal in
 
 True Gospel of Jesus Christ Church Ministry v. Doucette,
 
 2008-0634 (La.App. 4 Cir. 11/19/08), 999 So.2d 795, Plaintiff submits that liberative prescriptive and peremptive periods were suspended for a period of two months, two weeks, and three days (or eighty-nine days) pursuant to the executive orders issued by Governor Kathleen Babineaux Blanco inj^response to Hurricanes Katrina and Rita. Therefore, Plaintiff argues that it had three years plus eighty-nine days from May 6, 2005, (the date Plaintiff propounded interrogatories to Defendant) to take a step in the prosecution of its ease. We decline to follow the Fourth Circuit’s decision in
 
 True Gospel of Jesus Christ Church Ministry.
 

 Executive Order KBB 2005-32 provided that all deadlines in legal proceedings, including liberative prescriptive and peremp-tive periods, were suspended until at least September 25, 2005. The order applied retroactively from August 29, 2005. By Executive Order KBB 2005A18, the suspension of all deadlines in legal proceedings was extended until at least October 25, 2005. Finally, by Executive Order KBB 2005-67, the suspension of liberative prescriptive and peremptive periods was extended until at least November 25, 2005.
 

 Thereafter, by 2005 La. Acts. 1st Ex. Sess. No. 6, the Louisiana State Legislature enacted specific legislation in response to the statewide emergency created by Hurricanes Katrina and Rita, therein recognizing that public services were disrupted, certain courts were closed or displaced, and Louisiana citizens were prevented from exercising their legal rights.
 
 See
 
 La. R.S. 9:5821 A. The action of the governor in issuing Executive Orders KBB 2005-32, 48, and 67 was “approved, ratified, and confirmed subject to the provisions of R.S. 9:5822 through 5825.” (Emphasis supplied.) La. R.S. 9:5821 B. Louisiana Revised Statutes 9:5822 A provides:
 

 All prescriptions, including liberative, acquisitive, and the prescription of non-use, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have | 12otherwise lapsed during the time period of August 26, 2005,
 
 *283
 
 through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006. (Emphasis supplied.)
 

 Louisiana Revised Statutes 9:5822 A was declared applicable “retroactively as well as prospectively.” 2005 La. Acts 1st Ex. Sess. No. 6, § 4. This court has expressly held that “Executive Orders KBB 2005-32, 2005-48, and 2005-67 and La. R.S. 9:5822(A) apply to abandonment as well as to other forms of liberative prescription.”
 
 Dendy,
 
 977 So.2d at 15. Moreover, the Louisiana Supreme Court has recognized that the specific legislation found in La. R.S. 9:5822 “supercedes the general jurisprudential exception” to abandonment based on the doctrine of
 
 contra non valen-tem. Harris v. Stogner,
 
 2007-1451 (La.11/9/07), 967 So.2d 1151, 1152.
 

 Louisiana Revised Statutes 9:5822 A is clear that the suspension of the abandonment period is “limited and shall apply only if [the period] would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.” (Emphasis supplied.) “The statute does not have the effect of extending all prescriptive periods for eight-nine days.”
 
 Assaleh v. Sherwood Forest Country Club Inc.,
 
 2007-1939 (La.App. 1 Cir. 5/2/08), 991 So.2d 67, 73.
 

 The abandonment period in this case would have lapsed on May 7, 2008, not “during the time period of August 26, 2005, through January 3, 2006.” Therefore, La. R.S. 9:5822 A is not applicable to the facts of this case.
 

 |
 
 iaArticle 561 A(2) Five-Year Exception for Hurricanes Katrina and Rita
 

 Plaintiff alleges that pursuant to La. Code of Civ. P. art. 561 A(2) the applicable abandonment period in this ease is five years instead of three.
 

 Article 561 A(2), as amended by 2007 La. Acts No. 361, § 1, effective July 9, 2007, provides an additional two-year delay to the three-year abandonment period if “a party whose action is ... claimed to be abandoned proves that the failure to take any step in the prosecution or defense in the trial court ... was caused by or was a direct result of Hurricane Katrina or Rita.” Therefore, for a party to avail himself of this additional two years, it must prove by a preponderance of the evidence that: (1) the action was initiated by a pleading filed before August 26, 2005; (2) failure to take any step was caused by or a direct result of Hurricanes Katrina or Rita; and (3) the action has not previously been abandoned pursuant to Article 561 A(l).
 

 Although Plaintiffs action was filed pri- or to August 26, 2005, Plaintiff presented no evidence that its failure to take a step in the prosecution of its case during the three-year period following its May 6, 2005, filing was caused by or a direct result of Hurricanes Katrina or Rita. Plaintiffs “mere allegations of being affected by the hurricanes are insufficient to sustain the burden of proof.”
 
 Lambert v. Roussel,
 
 2007-1109R, 2007-1172R (La.App. 1 Cir. 5/2/08), 991 So.2d 8, 13,
 
 writ denied,
 
 2008-1193 (La.9/19/08), 992 So.2d 933. Therefore, Plaintiff has failed to establish his entitlement to relief under this provision.
 

 Post-Abandonment Waiver by Defense Counsel
 

 We also find no merit to Plaintiffs argument that Defendant waived its right to claim abandonment by participating in a September 25, 2008, |14status conference and responding to discovery after the trial
 
 *284
 
 court denied Defendant’s motion to dismiss.
 
 [5]
 

 Certain post-abandonment actions by a defendant may serve to waive its right to plead abandonment.
 
 See Clark,
 
 785 So.2d at 789 n. 15. These actions, however, must be “steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant’s willingness or consent to achieve judicial resolution of the dispute.”
 
 Satterthwaite,
 
 943 So.2d at 393.
 

 Once a party has formally raised the issue of abandonment, the fact that a party may respond to actions taken by the opposing party (which warrant a response or opposition should the claim of abandonment prove unsuccessful) will not serve to revive an abandoned claim.
 
 Slaughter v. Arco Chemical Co.,
 
 2005-0657 (La.App. 4 Cir. 4/26/06), 931 So.2d 387, 398. Article 561 does not require a defendant to forgo the filing of responsive pleadings or the taking of other appropriate defensive actions pending a final ruling on its motion for dismissal.
 
 See Slaughter,
 
 931 So.3d at 398.
 

 Defendant’s actions cannot be characterized as expressing an intention inconsistent with that of treating the case as abandoned. Rather, Defendant was proceeding in compliance with the orders and directives of the trial court while, at the same time, seeking appellate review of the correctness of the denial of its motion to dismiss. Such measures cannot be construed as a willingness to revive an action already abandoned by operation of law. The |ir,record is clear that Defendant did not waive its right to claim Plaintiffs suit is abandoned by operation of law.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s judgment denying Defendant’s motion to dismiss Plaintiffs action as abandoned is reversed. Judgment is rendered granting Defendant’s motion to dismiss and dismissing Plaintiffs suit as abandoned by operation of law as of May 7, 2008. All costs of this appeal are to be paid by the plaintiff, Compensation Specialties, L.L.C. The stay issued by this court on October 27, 2008, is lifted.
 

 WRIT GRANTED; JUDGMENT REVERSED AND RENDERED; STAY LIFTED.
 

 DOWNING, J., concurs.
 

 [1]
 

 . Metropolitan Life Insurance Company is the successor in interest to New England Life Insurance Company.
 

 [2]
 

 . The original affidavit indicated no steps had been taken within "five years.” On July 16, 2008, Defendant was granted leave to file a substitute affidavit that specified no steps had been taken within "three years.”
 

 [3]
 

 . Article 561 has been amended numerous times, most recently by 2007 La. Acts No. 361, § 1, effective July 9, 2007.
 

 [4]
 

 . Notably, May 11, 2005, is more than three years before Plaintiff's June 9, 2008, motion requesting a status conference for the purpose of setting a trial date. For this reason, the June 24, 2005, date is the date at issue.
 

 [5]
 

 . The September 25, 2008, Case Management Schedule, bears a handwritten notation: "NOTE: OBJECTION TO PARTICIPATION TO [sic] STATUS CONFERENCE BY DEFENDANT.”