# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-720


**TONYA D. GUELDNER, ET AL.**

**VERSUS**

**ALLSTATE INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20010072
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Ian Alexander Macdonald**
**Longman Russo**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendants/Appellees:**
**Progressive Security Insurance Co.**
**US Agencies Casualty Insurance Co.**

**Christopher Shannon Hardy**
**Penny & Hardy**
**P. O. Box 2187**
**Lafayette, LA 70502-2187**
**(337) 231-1955**
**Counsel for Defendant/Appellee:**
**Allstate Insurance Company**
**Joshua Guilbeaux**

**Jean-Paul Layrisson**
**Attorney at Law**
**607 St. Charles Avenue**
**New Orleans, LA 70130**
**(504) 522-7100**
**Counsel for Defendants/Appellees:**
**Amy Gueldner**
**David Gueldner**

**Michael J. Remondet  Jr.**
**Jeansonne & Remondet**
**P.O Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**Counsel for Defendant/Appellee:**
**Jeremy Gueldner**

**Tammy Bodin Scelfo**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**Counsel for Defendants/Appellees:**
**US Agencies Casualty Insurance Co.**
**Progressive Security Insurance Co.**

**Benjamin David Beychok**
**Bret Thomas Walsh**
**Beychok & Walsh**
**10225 Florida Blvd., Suite 802**
**Baton Rouge, LA 70815**
**(225) 272-7474**
**Counsel for Defendant/Appellee:**
**Kim Credeur**

**Gregory Jesse Logan**
**The Logan Law Firm**
**P. O. Box 3424**
**Lafayette, LA 70502**
**(337) 232-6210**
**Counsel for Defendant/Appellee:**
**Cue Time, Inc.**

**Shannon Jay Thomas**
**Thomas E. Gibbs & Assoc.**
**10988 N. Harrell's Ferry, #19**
**Baton Rouge, LA 70816**
**(225) 272-0020**
**Counsel for Defendant/Appellee:**
**US Agencies Casualty Insurance Co.**

**Michael Langdon Cave**
**Cave Law Firm**
**3909 Plaza Tower Dr.**
**Baton Rouge, LA 70816-4356**
**(225) 292-3194**
**Counsel for Plaintiff/Appellant:**
**Tonya Gueldner**

**Scott F. Higgins**
**Attorney at Law**
**P. O. Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**Counsel for Defendant/Appellee:**
**Jeremy Gueldner**

**GREMILLION, Judge**.

The plaintiff, Tonya D. Gueldner, appeals the judgment in favor of the defendant, Cue Time, Inc., granting its motion to dismiss the case due to abandonment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts in this case are not at issue in this appeal. Litigation in this matter has been ongoing since 2001, when Gueldner filed suit for the wrongful death of her husband who was struck by a minor defendant. The minor had allegedly been drinking alcohol at Cue Time, a bar.

On August 12, 2008, Cue Time filed a Motion and Order to Dismiss for Want of Prosecution. Gueldner filed a Motion to Set Aside the Judgment to Dismiss. Following a February 2009 hearing, the trial court granted Cue Time's motion finding the case had been abandoned. Gueldner now appeals.

## ISSUES

Gueldner assigns as error:

1. The trial court's finding that the action was abandoned when the suit record reveals that she filed discovery within three years of the date she filed a request for status conference and trial date.

2. The trial court's ruling that the action was abandoned given the extension of liberative prescription by Executive Orders KBB 2005-32, 2005-48, and 2005-67.

## DISCUSSION

The issue of whether a step in the prosecution of a case has been taken for a period of three years is a factual determination subject to manifest error review. *See Hutchison v. Seariver Maritime, Inc.,* 09-0410 (La.App. 1 Cir. 9/11/09), __So.3d__, *writ denied*, 09-2216 (La. 12/18/09), __So.3d __. If proven, the

1

determination of whether the act precludes abandonment is a question of law that we review by determining if the trial court was legally correct. *Id.*

Louisiana Code of Civil Procedure Article 561 governs abandonment and states in part (emphasis added):

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . .

> (2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26,2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years . . . .

> B. Any formal discovery as authorized by this Code *and served* on all parties *whether or not filed of record*, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Louisiana Code of Civil Procedure Article 1474 pertains to the service of discovery materials and states in part (emphasis added):

> A. Except as otherwise provided by Article 1430, All of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, may be served as provided in Article 1313.

> . . . .

> (4) The *serving of any discovery materials* pursuant to the provisions of this Article *shall be considered a step in the prosecution* or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.

Louisiana Code of Civil Procedure Article 1313(A)(1) instructs that service by mail is "complete upon mailing."

2

On August 5, 2005, Gueldner composed a letter with attached discovery to Cue Time and fax-filed with the Clerk of Court on the same date.[1] The Certificate of Service on the second page of the interrogatories states:

> I hereby certify that I have on this 5th day of August, 2005, served a copy of the foregoing pleading on all counsel of record or all parties of record to this proceeding, by placing same in the United States Mail, properly addressed and first class postage paid.

The envelope bearing the certified mail sticker affixed to its front was submitted into evidence. It has a postmark of August 08, 2005. Cue Time received the discovery request on August 9, 2005. An original copy of the fax-filed discovery was filed into the record on August 12, 2005. On August 12, 2008, the plaintiff filed a Request for Status Conference and Trial Date. Also on August 12, 2008, CueTime filed a Motion and Order to have the cause dismissed for Want of Prosecution. The trial court granted Cue Time's motion on August 14, 2008.

On appeal, Gueldner argues that the August 12, 2005 discovery was a different "original" discovery document and was not the same one that was fax-filed on August 5, 2005. We find no merit to this argument. The documents are identical except that

---

[1]Louisiana Revised Statute 13:850 pertains to fax filing and states in part:

> A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

> B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
> (1) The original signed document.
> (2) The applicable filing fee, if any.
> (3) A transmission fee of five dollars.

> C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

3

Gueldner's counsel or counsel's agent added the name and address of the registered agent for service of process of Cue Time along with the last known address of Cue Time. Moreover, a different "original" filing in the record is insufficient to count as a step. Clearly, the Louisiana Code of Civil Procedure contemplates service upon all parties which is accomplished in several ways, none of which include filing in the record. *See* La.Code Civ.P. art. 1313. The "step" in the prosecution for purposes of determining if more than three years has elapsed, occurred on August 8, 2005, the date discovery was mailed. Thus, Gueldner's August 12, 2008 filing was too late to avoid abandonment. Accordingly, we find no error in the finding that there was no step in the prosecution of the case for a period of more than three years and the trial court properly dismissed the case due to abandonment.

## SUSPENSION

Alternatively, Gueldner argues the claim was not abandoned pursuant to executive orders suspending deadlines in legal proceedings from August 29, 2005 through November 25, 2005, because of Hurricanes Katrina and Rita.[2] We note that this issue was not raised at the trial level, and pursuant to the Uniform Rules, Louisiana Courts of Appeal, Rule 1-3, we need not address it. *See also Assaleh v. Sherwood Forest Country Club, Inc.*, 07-1939 (La.App. 1 Cir. 5/2/08), 991 So.2d 67. Nevertheless, in the interest of justice, we will consider the argument.

Gueldner argues that "because prescription was extended for the eighty-nine day time period from August 29, 2005 to November 25, 2005 by Executive Orders, [Gueldner's] action against Cue Time, Inc. is not abandoned as formal steps

---

[2]We note that Article 561 does add an additional two years if the party whose claim would be ordinarily be abandoned if she can prove that the failure to take a step was caused by or was a direct result of Hurricanes Katrina or Rita.

4

in the prosecution of the action were taken within the prescriptive time periods proscribed by law." Gueldner points to *True Gospel of Jesus Christ Church Ministry v. Doucette,* 08-0634 (La.App. 4 Cir. 11/19/08), 999 So.2d 795, in support of her contention.

The legislative codification of Executive Orders KBB 2005-32, 2005-48, and 2005-67 is found in La.R.S. 9:5822. It states in part (emphasis added):

> A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, *the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.* This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.

According to the plain language of this statute, it does not apply to the facts at hand as the claim did not lapse during the listed period from August 26, 2005, through January 3, 2006. *See Harris v. Stogner*, 07-1451 (La. 11/9/07), 967 So.2d 1151 (three year abandonment period accrued on December 20, 2005, thus plaintiff had until January 4, 2006 to avoid abandonment of his claim); *Compensation Specialities, L.L.C. v. New England Mut. Life Ins. Co.*, 08-1549 (La.App. 1 Cir. 2/13/09), 6 So.3d 275, *writ denied*, 09-0575 (La. 4/24/09), 7 So.3d 1200.

In this case, the claim was not abandoned until August 8, 2008, more than two-and-a-half years following the period for which the exception was granted due to Hurricanes Katrina and Rita. In agreement with our colleagues at the first circuit, we also decline to follow the holding in *True Gospel*, 999 So.2d 795, which tacked on an additional eighty-nine days to a claim that abandoned on December 26, 2006. *See Compensation Specialities,* 6 So.3d 275.

5

## CONCLUSION

The judgment of the trial court in favor of the defendant-appellee, Cue Time, Inc. is hereby affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Tonya D. Gueldner.

**AFFIRMED.**