EZELL, Judge. | Multiple defendants in an oilfield contamination lawsuit filed a joint motion to dismiss the Plaintiffs’ suit against them due to abandonment under La.Code Civ.P. art. 561. The Plaintiffs opposed the motion to dismiss, asserting that a bankruptcy filing against one of the Defendants automatically stayed all state court claims against, not only the bankrupt Defendant, but the other Defendants as well. After the trial court denied the motion to dismiss, the Defendants, who moved for dismissal, filed an application for supervisory writs with this court. A panel of this court denied the application. The matter returns to this court upon remand by the Louisiana Supreme Court for briefing, argument, and a full opinion. Following that consideration, the Defendants’ application for supervisory writs is denied. Factual and Procedural Background The Plaintiffs[1] filed the petition instituting this claim in June 2012, alleging that the Defendant energy companies[2] damaged their Calcasieu Parish property in the course of conducting oil and gas exploration activities on the property pursuant to a lease that was repeatedly amended and assigned. The petition alleged that the Defendants were solidarily liable for the damages occasioned by alleged trespass and contamination of the property. Due to these purported actions, the Plaintiffs sought cancellation of the lease, compensatory damages, and exemplary damages. The Plaintiffs also advanced a cause of action pursuant to La.R.S. 30:29. |2The matter progressed initially with the trial court resolving exceptions filed by a number of the Defendants in December 2012. Thereafter, in September 2013, the Defendants answered the petition, doing so jointly. However, on August 19, 2015, attorneys for the present-day lessee, Black Elk Energy Offshore Operations, LLC, filed a “Notice of Bankruptcy Stay” (citation omitted) indicating that: [O]n August 11, 2015, an involuntary petition of bankruptcy was filed against Black Elk Energy Offshore Operations, LLC in the United States Bankruptcy Court, Southern District of Texas. ... Pursuant to U.S.C. § 362(a), all creditors of the debtor(s) are stayed from any act, the commencement or continuation of any act, enforcement of any lien or judgment obtained against the debtor(s) or the property of their estate, or any court proceeding with respect to the enforcement of a lien or judgment against the debtor(s) or the property of their estate from and after the filing date of the bankruptcy petition, except as otherwise provided for by U.S.C. § 362(b). All claims asserted against Black Elk Energy Offshore Operations, LLC, including all claims for fraudulent transfer and to pierce the corporate veil, are assets of the bankruptcy estate and can only be' prosecuted by the bankruptcy trustee. The issue now under review was instituted on October 17, 2016, when the Defendants, other than Black Elk, (hereinafter “Movants”)[3] filed a “Joint Ex Parte Motion and Incorporated Memorandum To Dismiss With Prejudice on Grounds of Abandonment.” Therein, the Movants observed that more than three years had passed since September 23, 2013, the time that all Defendants filed their joint answer and affirmative defenses. The Movants asserted that “[n]o further step by t&e parties in the prosecution or defense of this action, including discovery, has occurred since” the filing of that answer. Notably, the Movants suggested that “the filing of notice of Black Elk’s bankruptcy is not an action taken in the state district court and does not toll the prescriptive period for abandonment as to Movants.” | ¡¡They contended that, although abandonment operates without order, a formal order of dismissal should be entered by the trial court upon ex parte motion of a party. However, the trial court did not enter such a formal order, but instead denied the ex parte motion 'to dismiss, noting on the judgment, that it did so after considering both the motion and “Plaintiffs’ Opposition[J” Afterwards, the Movants filed a motion for new trial, which was set for hearing. At the hearing, the Movants first challenged the trial court’s denial of the formal order upon filing of the ex parte motion pursuant to the procedure of La. Code Civ.P. art. 561. On the merits, the Movants pointed out the passage of three years since the filing of their answer and also argued that, although the matter was stayed as to Black Elk, it was not stayed as to them. In opposition, the Plaintiffs argued that the trial court must consider the matter stayed as to all Defendants, noting that Black Elk had assumed the defense for all of the Defendants and that all Defendants shared common counsel. The trial court denied the motion for new trial, finding that the parties were-sufficiently intertwined so as to require the application of the bankruptcy stay to the entire proceeding.[4] The Movants re-urged the motion to dismiss in an application for supervisory writs filed with this court. That application was denied by a panel of this court. See Munro v. British American Oil Producing Co., 16-1057 (La.App. 3 Cir. 12/28/16) (an unpublished writ ruling wherein the majority of the panel ruled: “WRIT DENIED. We find no error in the.trial court’s ruling.”). Subsequently, |4on June 16, 2017, the Louisiana Supreme Court granted the Movants’. application for -supervisory writ filed before that court, ruling: “Granted. Remanded to the court of appeal for briefing, argument, and full opinion.” See Munro v. British American Oil Producing Co., 17-655 (La. 6/16/17), 219 So.3d 1112. Upon return to this court, the Movants assign the following as error in their brief to this court: 1. The district court erred by failing to recognize that the case had in fact been abandoned by operation of law pursuant to La. CCP art. 561. 2. The district court erred in denying the Joint Ex Parte Motion to Dismiss With Prejudice on Grounds of Abandonment (hereinafter “Joint Motion to Dismiss”) when such a motion was filed pursuant to -La. CCP art. 561 demonstrating that no parties had taken any steps in the prosecution or defense of the case over the prior three year period. 3. The district court erred by failing to enter a formal order of dismissal in response to the Joint Motion to Dismiss as required by La. CCP art. 561. 4. The district court also erred' when it considered the Appellees’ “Opposition” as a basis for the Denial of the Joint Motion to Dismiss (hereinafter “Denial”) and failed to either ignore or strike the Appellees’ “Opposition.” 5. The district court erred when it ruled that the bankruptcy of defendant Black Elk Energy Offshore Operations, LLC (“Black Elk”) stayed the entire case and served to interrupt the abandonment period with respect to Appellees’ claims against the applicants. Discussion Abandonment Louisiana Code of Civil Procedure Article 561 provides, in pertinent part, for the abandonment óf a civil action in the trial court as follows: A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense’ in the trial court for a period of three years, unless it is a succession proceeding: |R(a) Which has been opened; (b) In which an administrator or executor has been appointed; or (c) In which a testament has been probated. [[Image here]] (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292. (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D). (5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial. [[Image here]] B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action; See also Clark v. State Farm Mut. Auto. Ins.. Co., 00-3010 (La. 5/15/01), 785 So.2d 779, (wherein the supreme court explained that Article 561 requires that: 1) a party-takes some step in the prosecution or defense of the litigation; .2) the step, other than formal discovery, must appear in the record; and that 3) .the. step must have been taken place within three years of the last step taken by a party.). On review, we are mindful that La.Code Civ.P. art. 561 “is to be liberally construed in favor of maintaining a plaintiffs suit.” Clark, 785 So.2d at 785. Additionally, an appellate court considers.a trial court’s findings of fact as to |fiwhether a step in the prosecution or defense of a case has been taken pursuant to the manifest error standard. Gueldner v. Allstate Ins. Co., 09-720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143. However, the question of whether a particular, proven fact precludes abandonment is a question of law that is reviewed by considering whether the trial court’s decision wás legally correct.’ Id. Procedure We first address the Movants’ assertion that the trial court erred in failing to enter the formal order of dismissal upon review of their ex parte motion to dismiss per La.Code Civ.P. art. 561(A)(3). Specifically, the Movants contend that the trial court erred in denying that motion after “considering Plaintiffs’ Opposition” as inscribed by the trial court on the order denying the motion. Tracking La.Code Civ.P. article 561, the Movants suggest that the trial court was required to order the dismissal and, only upon a motion to set aside the dismissal as authorized by La.Code Civ.P. art. 561(4), could the trial court have considered the Plaintiffs’ opposition. On this point, we, note that the record is unclear as to the sequence of events. The Movants’ ex parte motion to dismiss was filed into the record on October 17, 2016, whereas the Plaintiffs’- opposition thereto was filed into the record on October 6, 2016. At the hearing on the motion for new trial, the trial court explained that: In the past wheii someone has filed an ex parte order of dismissal under 561 and- the other party has an objection to it, the Court has set that for a contradictory hearing at the request of the parties. By the- plaintiffs submitting their opposition, I felt like the parties were agreeing to the Court deciding it based on the briefs because the defendants had filed a memorandum with their ex parte order. And given the law in Louisiana that courts do not grant ex parte orders unless the mover is clearly entitled to it by law, the Court felt that I could review all of the briefing by the parties and make a decision, and that’s what the Court did. |7So that’s the reason I denied the ex parte order in—maybe in violation of how Code of Civil Procedure 561 is actually written. Despite the lack of procedural clarity in the preliminary stages of this matter, it is clear-that the trial court differed in its legal interpretation as to the significance of the Notice of Bankruptcy. In this regard, the affidavit attached to the motion to dismiss represented that: [A] Notice of Bankruptcy Stay was filed on or about August 19, 2015 on behalf of Black Elk Energy Offshore Operations, LLC. However, the filing of a bankruptcy is not an action taken in the state district court and the filing of such bankruptcy notice does not toll the prescriptive period for abandonment as to the non-bankrupt defendants who are the Movants in the accompanying Joint Ex Parte Motion. In any event, and whether the matter was resolved by the trial court at the time of the motion for new trial or whether it did so at the time of the motion to dismiss, it is clear that the trial court ultimately deter: mined that the Movants’ affidavit failed to demonstrate that no step in the prosecution or defense of the action had been taken in three years. Thus, we turn to consideration of the correctness of the trial court’s legal conclusion that the federal bankruptcy stay issued as, to the case against. Black Elk tolled the prescriptive period for abandonment against the remaining, non-bankrupt Defendants as well. Merits On the merits, we note that the Movants’ reference the filing of the Defendants’ answer on September 23, 2013, as the date of the last step in the prosecution or defense of the case for abandonment purposes. Their motion to dismiss was filed October 17, 2016. In contrast, the Plaintiffs contend that upon receipt of the notice of the automatic stay order issued in favor of Black Elk pursuant to 11 U.S.C. § 362, they were unable to take further action in the present state cqurt case until resolution of the bankruptcy proceedings in federal court. To |sdo otherwise, the Plaintiffs contend, required them to choose between abandonment or the chance of violating the federal bankruptcy stay. There are two exceptions to the abandonment rule as set forth in La.Code Civ.P. art. 561. One of the exceptions applies when a defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, 785 So.2d 779. The second exception, which is relevant to the present case, is based on the concept of contra non valentem and applies when the failure to prosecute is caused by circumstances which are beyond the plaintiffs’ control. Id. With regard to the federal bankruptcy stay, 11 U.S.C. § 362 states, in pertinent part: (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay,- applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.] Significantly, in this case, the bankruptcy proceedings relate only to Black Elk, the bankrupt debtor, whereas the remaining Defendants, the Movants, are not parties to those federal proceedings. Thus, as posed by the parties, the question presented by this motion to dismiss is whether the stay issued in favor of Black Elk can be viewed as extending to the proceeding against the Movants for abandonment purposes. This court has held that “[t]he filing of a federal bankruptcy petition operates as an automatic stay under 11 U.S.C. § 362 that prevents creditors from commencing or continuing judicial or administrative proceedings against the |9debtor.” Ring Const., LLC v. Chateau Des Lions, LLC, 05-568, p. 6 (La.App. 3 Cir. 12/30/05), 918 So.2d 1172, 1176, writ denied, 06-584 (La. 5/5/06), 927 So.2d 325. Although the automatic stay imposed by Section 362 normally applies to a party or parties filing bankruptcy, federal jurisprudence has held that an automatic stay in bankruptcy court may be extended to non-bankrupt codefendants in exceptional situations, explaining as follows: This “unusual situation,” it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any .judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute. A.H. Robins Co., Inc., v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). Plaintiffs contend that Black Elk was obligated to defend and is providing a defense for its Codefendants in the instant case. Furthermore, pursuant to an agreement between the parties, Black Elk undertook the representation of all parties and has agreed to indemnify the other Defendants if an adverse judgment is rendered against them. Thus, Plaintiffs maintain any efforts that they would have taken to advance the case against Black Elk’s Codefendants, i.e. Movants, would have resulted in a violation of the automatic stay because the assets of the bankruptcy estate would have'been depleted either by the payment of attorney fees or other litigation costs or the payment of an adverse judgment. The claims against Black Elk and its Codefendants are so intertwined that the trial court properly concluded that the bankruptcy stay applied to Movants as well. The bankruptcy proceedings filed by Black Elk combined with its agreement to defend and indemnify its non-bankrupt Co-defendants provided justification for |! pPlaintiffs’ failure to take steps in the prosecution of the case against the’ non-bankrupt Codefendants. • On that basis, we conclude that the trial court did not err in rejecting the Movants’ claim of abandonment. DECREE For the foregoing reasons, the application fo.r supervisory writs filed by the Mov-ants/Relators, Nippon Oil Exploration USA Limited, British American Oil Producing Company, Gulf Oil Corporation, Chevron USA, Inc., Pennzoil Petroleum Company, Pennzoil Exploration and Production Company, PennzEnergy. Exploration and Production, LLC and Devon Energy Production, LP, is denied. The trial court’s Judgment of October 14, 2016, and its Judgment on Defendants’ Motion for New Trial of December 15, 2016, are affirmed. Costs of this proceeding are assessed to the Defendants/Relators, Nippon Oil Exploration USA Limited, British American Oil Producing Company, Gulf Oil Corporation, Chevron USA, Inc., Pennzoil Petroleum Company, Pennzoil Exploration and Production Company, PennzEnergy Exploration and Production, LLC and Devon Energy Production, LP. ■ WRIT DENIED. AMY, J., dissents and assigns reasons. . The petition lists the plaintiffs as Margaret Fisk Munro (appearing through her court-appointed curator, Barton L. Munro), Dianne Marie Fisk, Barton Fisk, Deena Greenhaw, and Audra Dawn Cabral. . The petition names the defendants in the action as: British-American Oil Producing Company; Gulf Oil Corporation; Chevron USA, Inc.; Pennzoil Petroleum Company; Pennzoil Exploration and Production Company; PennzEnergy Exploration and Production LLC; Devon Energy Production, LP; Nippon Oil Exploration USA Limited; and Black Elk Energy Offshore Operations, LLC. . The motion was filed by Nippon Oil Exploration USA Limited, British American Oil Producing Company, Gulf Oil Corporation, Chevron USA, Inc., Pennzoil Petroleum Company, Pennzoil Exploration and Production Company, PennzEnergy Exploration and Production, LLC and Devon Energy Production, LP. . In ruling, the trial court cited jurisprudence on the issue of whether a bankruptcy stay interrupts the abandonment period against non-bankrupt defendants, before explaining: [T]he reason the Court denied the ex parte order originally is because of how the parties were intertwined, that one law firm represented all the defendants. So ‘ that’s still the Court’s thought that because of its experience with bankruptcy and the stay applying to the whole state proceeding normally generally [sic] agreed by the parties and because all the defendants were represented by Black Elk’s counsel, the Court is going to stay with its original decision and deny the motion for a new trial.