970 So.2d 1063 (2007)
Jesse HARDY, Jr., Bridgette Hardy, Carolyn Ann Hardy, Elaine Hardy, Ellis Hardy, Evelyn Hardy Zanders, Willie E. Zanders, Jr., Edna Mae Hardy, Stella Mae Hardy, John Hardy, Damion Merritt, Shontal Hardy, Carella Riley and Kent D. Riley
v.
A. WILBERT'S SONS, L.L.C., State of Louisiana Through the Department of Health and Hospitals and the Dow Chemical Corporation.
No. 2006 CA 1093.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
*1064 Victor J. Woods, Jr., Baton Rouge, Counsel for Plaintiffs/Appellants Jesse Hardy, Jr., Bridgette Hardy, Carolyn Ann Hardy, Elaine Hardy, Ellis Hardy, Evelyn Hardy Zanders, Willie E. Zanders, Jr., Edna Mae Hardy, Stella Mae Hardy, John Hardy, Damion Merritt, Shontal Hardy, Carella Riley and Kent D. Riley.
James P. Dore, Amy D. Berrett, R. Benn Vincent, Baton Rouge, Counsel for Defendant/Appellee A. Wilbert's Sons, L.L.C.
John Michael Parker, David M. Bienvenu, Jr., John Stewart Tharp, Baton Rouge, F. Barry Marionneaux, F. Charles Marionneaux, Plaquemine, Counsel for Defendant/Appellee The Dow Chemical Company.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
McCLENDON, J.
This appeal challenges the dismissal of a lawsuit on the ground of abandonment. We affirm.

BACKGROUND
On April 1, 2002, Jesse Hardy, Jr., and other residents of Myrtle Grove Trailer Park (Park) filed this lawsuit seeking damages against A. Wilbert's Sons, L.L.C. (Wilbert's), the State of Louisiana through the Department of Health and Hospitals, and The Dow Chemical Corporation (Dow). The lawsuit, filed in the 18th Judicial District Court (JDC) for the Parish of Iberville, was allotted to Division C. In the petition, plaintiffs alleged that Dow released certain chemicals that contaminated the drinking water supplied to the Park by its operator, Wilbert's.
On July 1, 2002, plaintiffs requested that the defendants be served. More than three years after the filing of the service request, on August 11, 2005, Dow filed a motion to dismiss the lawsuit pursuant to La.Code Civ. P. art. 1672(C) because it had not been served during the pendency of the action. It also filed a motion to dismiss on the basis of abandonment pursuant to La.Code Civ. P. art. 561. Dow asserted that no step had been taken in the prosecution of the action for over a three-year period, after July 1, 2002. Wilbert's also filed a motion to dismiss on the grounds of abandonment.
On August 17, 2005, the trial court issued an order requiring plaintiffs to show cause why the motion to dismiss should not be granted. On August 23, 2005, the trial court granted the ex parte motion to dismiss on the grounds of abandonment. Thereafter, on October 4, 2005, plaintiffs filed a motion to set aside the order of abandonment, asserting that discovery occurred within three years prior to the order of dismissal being granted. They also relied on a "Case Management Order" signed by a judge in another division of the 18th JDC on October 4, 2002, which they insisted constituted a "step" interrupting the running of the three-year abandonment period. This order, filed into the Iberville Parish Clerk's office on October 7, 2002, lists 19 lawsuits filed in connection with claims for injuries arising from or *1065 related to the alleged water contamination. The lawsuit filed by plaintiffs is listed in the caption of the order as being "consolidated with" the other lawsuits. Plaintiffs argued that because the case management order constituted a step in the prosecution of the litigation, the suit could not be deemed abandoned until three years after the case management order was signed by the trial judge, October 4, 2005. Thus, plaintiffs posited, the signing of the order of dismissal on the grounds of abandonment by the trial court on September 7, 2005, was premature.
At the hearing on the motion to set aside the order of abandonment, plaintiffs urged that the case management order signed on October 4, 2002, interrupted the running of the three-year abandonment period. They further asserted that discovery was made pursuant to that order, noting that an information questionnaire was attached to the order. The record reflects that on October 18, 2005, more than three years after the case management order was signed and filed with the clerk's office, and after the filing of the motion to dismiss, plaintiffs filed a notice of the filing of the questionnaires for certain plaintiffs, as well as the questionnaires themselves, into the record.
Following the conclusion of the hearing, the trial court rendered judgment denying the motion to set aside the abandonment.[1] The court stressed that the relied-upon case management order was not filed into the record in the instant lawsuit until October 4, 2005, when it was attached to plaintiffs' motion to set aside the abandonment. The court further noted that the case management order specifically stated that it did not act as a consolidation of the actions filed by the various Myrtle Grove claimants.
This appeal, taken by plaintiffs, followed.

DISCUSSION
Under La.Code Civ. P. art. 561, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. This Article has been construed as imposing three requirements on a plaintiff. First, plaintiffs must take some "step" toward the prosecution of their lawsuit. A "step" is the taking of formal action intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding, and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mutual Automobile Insurance Company, XXXX-XXXX, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784. In Clark, the court stressed that there are only two circumstances where abandonment can be defeated by matters not appearing of record or not involving formal discovery. The first is based on contra non valentem, which applies where circumstances beyond a plaintiff's control prevent any action, and the other is a waiver of the right to assert abandonment by a defendant who has taken actions inconsistent with the intent to treat the case as abandoned. Clark, XXXX-XXXX at p. 7, 785 So.2d at 784-85.
*1066 It is undisputed that the last action taken by a party appearing of record was the service request filed by plaintiff on July 1, 2002.[2] Thus, the sole determination to be made by this court is whether the signing of the case management order on October 4, 2002, interrupted the running of the three-year time limitation.
Plaintiffs contend that the case management order constituted a step interrupting the running of the abandonment period, because it was taken in furtherance of hastening the matter to trial. They stress that they were named in the caption of the case management order, which referred to all cases involving similar factual situations as being "consolidated." They further contend that defendants' motions to dismiss, filed prior to the expiration of three years from the date of the signing of the case management order, were premature and constitute steps in the prosecution of the litigation. Finally, plaintiffs submit that actual service on the defendants at the end of July of 2005 constituted a step in the prosecution interrupting prescription.
We must disagree. We find that the signing of the case management order by the trial judge in another division did not interrupt the running of the time period for abandonment as to the instant lawsuit.[3] Moreover, none of the exceptions that would defeat abandonment for matters not appearing of record are applicable in this case. Lastly, and most importantly, plaintiffs did not demonstrate that the relied-upon action was taken by a party to the instant lawsuit. Therefore, it cannot serve to interrupt the running of the applicable period. See La.Code Civ. P. art. 561; see also Furr v. Pearce & LeBlanc, Inc., 2006-564 (La.App. 5 Cir. 12/27/06), 948 So.2d 279 (holding that the filing of a motion to dismiss the case by the clerk of court did not interrupt the running of the three-year prescriptive period for abandonment because the action was taken by the clerk of court, a non-party). We further find that the motion to dismiss was not premature.
It is undisputed that no step in the prosecution of this litigation appearing of record was taken by either plaintiffs or defendants after July 1, 2002, the date on which plaintiffs requested service on the defendants. On July 1, 2005, with the passing of three years without a step having been taken, the lawsuit was deemed abandoned by the operation of law. La. Code Civ. P. art. 561. Therefore, the trial court correctly dismissed the lawsuit on the grounds of abandonment.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
GUIDRY, J., concurs in the result.
NOTES
[1] We note that the record before us contained reasons for judgment and a notice of judgment, indicating that a final judgment had been signed and sent to the parties, but no signed judgment was contained in the record. While this appeal was pending, we ordered and received a signed final judgment by the trial court. This final judgment now cures any record deficiencies that may have existed when the appeal was lodged. See Overmier v. Traylor, 475 So.2d 1094 (La.1985).
[2] Even if the information questionnaire, relied upon by plaintiffs to have interrupted the abandonment period, could have qualified as discovery, there is no evidence in the record that said questionnaire was served during the three-year abandonment period. See La.Code Civ. P. art. 561(B).
[3] We find Seagrave v. Dean, 98-1295 (La.App. 1 Cir. 7/6/99), 739 So.2d 923, writ denied, 99-2856 (La.12/17/99), 751 So.2d 879, to be distinguishable. In Seagrave, plaintiff's attorney wrote a letter requesting a status conference prior to the abandonment having accrued. Subsequently, a status conference was held, in which defendant's counsel appeared and participated in the status conference and signed a case management schedule.