PARRO, J.
| gMilton F. Hilbert, III appeals a judgment dismissing his suit on the basis of three years’ abandonment, pursuant to LSA-C.C.P. art. 561(A).[1] We affirm the judgment and render this opinion in accordance with Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.1(B).
Hilbert filed suit on a promissory note on March 22, 2004. On February 6, 2009, he filed a motion and order to set the matter for trial.[2] The trial court signed the order, scheduling the case for trial on April 21, 2009. However, the trial was continued on the court’s own motion due to the parties’ failure to file a joint pre-trial statement. On April 2, 2012, Hilbert filed another motion to set the matter for trial. On July 9, 2012, Ronald R. Caire filed a motion and order to dismiss the suit on grounds of abandonment, based on Article 561(A). The court signed an order of dismissal on July 17, 2012. Hilbert moved to set aside the dismissal and, after a hearing, the court denied the motion and maintained its order of dismissal. A judgment in accordance with this ruling was signed October 31, 2012.
In this appeal, Hilbert contends the trial court erred in finding that the last step taken by a party to advance its case was Hilbert’s filing of the motion and order to set the matter for trial on February 6, 2009. He contends the court should have recognized the trial date set by the court, April 21, 2009, as the appropriate date to commence the three-year abandonment period set forth in Article 561(A)(1).[3] We disagree.
Article 561(A) has been construed as imposing three requirements on a plaintiff. First, a plaintiff must take some “step” toward the prosecution of his lawsuit. A “step” |sis the taking of formal action in *849 tended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding, and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784. In Hardy v. A. Wilbert’s Sons, L.L.C., 06-1093 (La.App.1st Cir.9/19/07), 970 So.2d 1063, 1066, the last action taken by a party appearing of record was a service request filed by the plaintiff on July 1, 2002. The sole determination to be made by this court was whether the signing of a case management order on October 4, 2002,[4] interrupted the running of the three-year time limitation. This court stated that because the signing of the case management order was not a step taken by a party to the lawsuit, it could not serve to interrupt the running of the applicable period. Id.
It is undisputed that no step in the prosecution of this litigation appearing of record was taken by either plaintiffs or defendants after July 1, 2002, the date on which plaintiffs requested service on the defendants. On July 1, 2005, with the passing of three years without a step having been taken, the lawsuit was deemed abandoned by the operation of law. La.Code Civ. P. art. 561. Therefore, the trial court correctly dismissed the lawsuit on the grounds of abandonment.

Id.

We note that the wording of Article 561 states that an action is deemed abandoned “when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” (Emphasis added). When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written. Dejoie v. Medley, 08-2223 (La.5/5/09), 9 So.3d 826, 829; see LSAC.C. art. 9; LSA-R.S. 1:4. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. See Snowton v. Sewerage and Water Bd., 08-399 (La.3/17/09), 6 So.3d 164, 168; see also |4LSA-C.C. art. 11; LSA-R.S. 1:3. Article 561 unambiguously and unequivocally states that it is the responsibility of “the parties” to take action in furtherance of their claims in the litigation. Had the legislature meant to include actions taken by the court, such wording could easily have been included in Article 561. Since it was not, we agree with the analysis of the trial court and of this court in the Hardy case.
Additionally, we note that there was no “step” in the prosecution of the case on the date suggested by Hilbert, which was the scheduled trial date, April 21, 2009. In fact, since that trial date was continued by the court on its own motion, nothing at all occurred on that date.
For the above reasons, we conclude, as did the trial court, that the motion to set the matter for trial filed by Hilbert on February 6, 2009, was the date of the last “step” taken “by a party’ in the lawsuit before April 2, 2012, when Hilbert again filed a motion to set the matter for trial. Over three years elapsed between these *850 two steps taken by a party of record in the prosecution of this litigation. Therefore, under the clear wording of Article 561, this lawsuit was properly dismissed as abandoned.
Accordingly, we affirm the judgment of the trial court and assess all costs of this appeal to Milton F. Hilbert, III.
AFFIRMED.
GUIDRY, J, concurs in the result.

. Louisiana Code of Civil Procedure article 561(A)(1) states, in pertinent part: "An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....”

. During the intervening period, a supplemental and amending petition was filed, naming Ronald R. Caire as an additional defendant. Answers were filed by each defendant, and various motions were filed by the parties and heard by the court.

.Hilbert relies on Reed v. Finklestein, 01-1015 (La.App. 4th Cir. 1/16/02), 807 So.2d 1032, writ denied, 02-0550 (La.4/26/02), 814 So.2d 560, in which the court decided that the date set by the trial court for a hearing on the plaintiffs motion for summary judgment constituted the commencement date for the three-year abandonment period, rejecting the defendant’s argument that the last step taken by the plaintiff was his motion to set the matter for hearing. For the undersigned reasons, we decline to follow the Reed decision.

. The case management order was signed by a trial judge in another division and stated that Hardy’s water contamination suit was included in the order and was "consolidated with” a number of similar suits, but also specifically stated that the case management order did not act as a consolidation of the cases. See Hardy, 970 So.2d at 1064-65.