PARRO, J.
12Gene and Mary Wilkerson appeal a judgment dismissing their suit on the basis of abandonment, pursuant to LSA-C.C.P. art. 561(A). For the reasons that follow, we reverse the judgment and remand the case to the trial court.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On November 16, 2006,[1] the Wilkersons filed suit against Eric Joseph Buras and ABC Insurance Company for damages resulting from the wrongful death of their daughter, Katie Scarlette Wilkerson. The Wilkersons alleged that Buras raped and battered Katie, resulting in her wrongful death.[2] They also claimed damages for the pain and suffering Katie endured before her death.
As the case began to proceed, Buras filed a reconventional demand for defamation against the Wilkersons on July 6, 2007, In response, Gene and Mary Wilkerson asserted an exception raising the objection of prematurity and answered the reconventional demand on August 27, 2007.[3] Buras then filed an exception raising the objection of no right of action on September 11, 2008. For reasons unclear from the record, the trial court took no action on this exception until after Buras filed an application for a writ of mandamus on May 26, 2009, to force a ruling. Ten months after Buras had filed the exception of no right of action, the court signed a judgment on July 10, 2009, denying the exception. The judgment was filed in the record on July 13, 2009.
On July 13, 2012, the Wilkersons moved for a pre-trial conference to establish discovery and motion deadlines and to set a date for trial. The conference was set for and held October 15, 2012. Buras, representing himself, appeared by telephone and told the court that he did not need discovery, only a copy of the record. The court granted Buras sixty days to file any motions.
At the conference, counsel for the Wilk-ersons indicated that they would waive a Igjury trial. The court informed Buras that once the Wilkersons filed a formal motion waiving a jury trial, Buras would then have ten days from that date to assert his right to a jury trial. The court set two trial dates, one for a judge trial and one for a jury trial, to be determined at the expiration of the ten days. The court stated that “standard” cutoff dates would be included in the pre-trial order. The record shows no further action by either party regarding their intention of going *973 forward with either a jury or judge trial and shows no formal pre-trial order from the court.
On February 8, 2018, Buras moved to dismiss the Wilkersons’ suit on the basis of abandonment. Buras alleged in his motion that the parties had not engaged in any steps toward the prosecution or defense of the case since August 2007. The trial judge signed an ex parte order of dismissal on February 25, 2013. The order included a statement that the clerk of court was to notify all parties, and Buras certified that the Wilkersons were served notice of the dismissal via U.S. mail. The Wilkersons now appeal the dismissal.
ASSIGNMENTS OF ERROR
The Wilkersons submit the following assignments of error:
1. The trial court erred in ordering an ex parte dismissal based on abandonment without a contradictory hearing or, in lieu of a hearing, ordering the judgment served on the opposing party; and
2. The trial court erred in dismissing a suit as abandoned when the record clearly showed formal action to prosecute the matter, filed into the record, within a three-year period.
APPLICABLE LAW

Standard of Review

A court of appeal may not overturn a trial court judgment unless there is an error of law or a factual finding that is manifestly erroneous or clearly -wrong. Morris v. Safeway Ins. Co. of Louisiana, 03-1361 (La.App. 1st Cir.9/17/04), 897 So.2d 616, 617, writ denied, 04-2572 (La.12/17/04), 888 So.2d 872. In order to affirm the factual findings of the trier of fact, the supreme court posited a two-part test for the appellate review of facts: (1) the appellate court must find from the record that there is a reasonable factual basis for the finding of the trier of fact; and (2) the appellate court |4must further determine that the record establishes that the finding is not clearly -wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trier of fact’s finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a factual finding only if,, after reviewing the record in its entirety, it determines the factual finding was clearly wrong. See Stobart v. State, through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993); Moss v. State, 07-1686 (La.App. 1st Cir.8/8/08), 993 So.2d 687, 693, writ denied, 08-2166 (La.11/14/08), 996 So.2d 1092.
If the trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse those findings even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Hulsey v. Sears, Roebuck & Co., 96-2704 (La.App. 1st Cir.12/29/97), 705 So.2d 1173, 1176-77. However, an appellate court may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story. Id., at 1177.
When a trial court incorrectly applies a principle of law, causing a substantial deprivation of a party’s rights or materially affecting the disposition, it commits legal error. Hains v. Hains, 09-1337 (La.App. 1st Cir.3/10/10), 36 So.3d 289, 296. Legal errors are prejudicial when they materially affect the outcome and de *974 prive a party of substantial rights. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. When such a prejudicial error of law skews the trial court’s findings on a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Hains, 36 So.3d at 296.
Whether a step in the prosecution or defense of a case has been taken in the trial court within a period of three years is a question of fact subject to a manifest error ^analysis on appeal. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court’s interpretative decision is correct. See Hinds v. Global Int’l Marine, Inc., 10-1452 (La.App. 1st Cir.2/11/11), 57 So.3d 1181, 1183.

Abandonment

The controlling provision in this case, LSA-C.C.P. art. 561, provides, in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
[[Image here]]
(3)This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial.
Abandonment is both historically and theoretically a form of liberative prescription that is independent from the prescription that governs the underlying substantive claim. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 787. The underlying policy seeks to prevent protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Hinds, 57 So.3d at 1183.
Because dismissal is the harshest of punishments, the law favors and justice 1 (¡requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Thus, any action or step taken to move the case toward judgment should be considered. If the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. Hinds, 57 So.3d at 1183-84.
Abandonment occurs automatically upon the passing of three years without *975 either party taking a step in the prosecution or defense of the action. LSA-C.C.P. art. 561(A)(1) and (3). The jurisprudence has established three requirements to prevent abandonment under LSA-C.C.P. art. 561(A)(1). First, a party must take some “step” toward prosecution or defense of the lawsuit. A step is defined as taking formal action before the court that is intended to hasten the suit toward judgment or the taking of formal discovery. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the suit record. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party. Sufficient action by either plaintiff or defendant will be deemed a step. Clark, 785 So.2d at 784.
This court has recognized two jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based on contra non valentum, that applies when the failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception, based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, 785 So.2d at 784-85; Compensation Specialties, L.L.C. v. New England Mut. Life Ins. Co., 08-1549 (La.App. 1st Cir.2/13/09), 6 So.3d 275, 279-80, writ denied, 09-0575 (La.4/24/09), 7 So.3d 1200.
Unlike a plaintiff, whose post-abandonment actions cannot serve to revive an abandoned action, a defendant’s post-abandonment actions can serve to waive his right to plead abandonment. Whether the defendant’s action occurred before or after the abandonment period elapsed is a distinction without a difference. The timing of a | defendant’s conduct cannot be logically construed as altering its character insofar as whether it is sufficient to constitute a waiver of abandonment. Logic dictates that the same standard should apply regardless of whether the action occurred before or after the abandonment period elapsed. Clark, 785 So.2d at 789; Satterthwaite v. Byais, 05-0010 (La.App. 1st Cir.7/26/06), 943 So.2d 390, 393.
This waiver exception has been applied only where, after the abandonment period had accrued, a defendant has taken steps that facilitated a judicial resolution of the dispute on the merits and were an expression of the defendant’s willingness or consent to achieve judicial resolution of the dispute. Id. Whether a post-abandonment participation in a status conference constituted a waiver has largely depended upon the circumstances of the particular case and whether each defendant displayed an intention or willingness to move the case toward judgment. For example, in Seagrave v. Dean, 98-1295 (La.App. 1st Cir.7/6/99), 739 So.2d 923, 924, writ denied, 99-2856 (La.12/17/99), 751 So.2d 879, defense counsel’s appearance at a status conference and signing the case management schedule was held to be a waiver of the defendant’s right to claim abandonment. Similarly, in Tessier v. Pratt, 08-1268 (La.App. 1st Cir.2/13/09), 7 So.3d 768, 773, this court noted that defense counsel did more than just attend a status conference, Despite verbal assertions that she believed the case was abandoned, she signed a case management order and made no formal motion to preserve her right to claim abandonment. Because these two acts are inherently inconsistent, the simultaneous verbal assertion did not void the affirmative act of signing the scheduling order, which appeared in the record and clearly hastened the suit to judgment. This court held that to find otherwise would be in *976 direct contravention of the jurisprudential policy in favor of maintaining a suit and allowing the plaintiffs their day in court. Id. at 778-74.
Nevertheless, in Compensation Specialties, 6 So.3d at 283-84, participation in a status conference after the trial court denied defendant’s motion to dismiss was not found to be a step that facilitated judicial resolution and expressed defendant’s willingness or consent to achieve judicial resolution. Because defendant had appealed |8the denial, this court found defendant’s action to be merely in response to plaintiffs action and in compliance with court orders while awaiting appellate review. Thus, this defendant did not waive his right to plead abandonment. Id.
Abandonment is effective without a court order. Therefore, in order to avoid a possible waiver of the right to assert abandonment, LSA-C.C.P. art. 561(A)(3) instructs the parties on the proper procedure to obtain a formal order of dismissal by an ex parte motion. Such a motion shall include an affidavit attesting that no step has been timely taken in the prosecution or defense of the action. The trial court shall enter a formal order of dismissal as of the date of its abandonment, and the sheriff shall serve the order. LSA-C.C.P. art. 561(A)(3).
ANALYSIS
The Wilkersons contend that the court erred in ordering the dismissal of their case ex parte and by failing to order service of the dismissal by the sheriff. Under Article 561, there is no requirement that an ex parte motion for abandonment be served on opposing counsel before the trial court can validly enter a formal order of dismissal. The formal order of dismissal merely recognizes that which has already occurred through operation of law. Article 561(A)(3) provides that either party may file an ex parte motion with the court, including an affidavit stating that no step has been taken in the prosecution or defense of the action for a period of three years and asking the court to declare the matter abandoned. Upon the filing of that motion, the court shall enter a formal order of dismissal as of the date of its abandonment. Buras properly followed this procedure when he filed his motion for dismissal. Therefore, the court clearly operated within the authority of Article 561 in ordering the dismissal of the case on Buras’s ex parte motion.
Admittedly, Article 561 also states that the court’s signed order of dismissal is to be served on the other party by the sheriff. The record in this, case indicates that Buras certified that he served the motion and order of dismissal on the Wilk-ersons by mailing a copy of it to their attorney of record. The signed order of dismissal orders the clerk of court to notify all parties involved in the suit. Although the court did not order the 19sheriff to serve the Wilkersons with notice of the dismissal in accordance with LSA-C.C.P. art. 561(A)(3), allowing them to petition the court for a rehearing within thirty days of the sheriffs service, the Wilkersons are not denied judicial review of the dismissal. Because the record does not contain a return on service, the time periods to move for a rehearing or an appeal did not commence. See Reese v. Jackson, 37,-268 (La.App. 2nd Cir.6/25/03), 850 So.2d 1011, 1014-15. Thus, this court is reviewing the dismissal by way of this appeal, and the inadequate service was a harmless error and did not penalize the Wilkersons in any way. See Stemley v. Foti, 40,379 (La.App. 2nd Cir.10/26/05), 914 So.2d 642, 646, unit denied, 06-0224 (La.4/24/06), 926 So.2d 551.
However, we must examine whether Buras waived his abandonment *977 defense with his appearance via telephone at the status conference in October 2012. He did not sign a case management schedule, as the defendants had done in the cases noted above. Buras appeared at the status conference in compliance with the court’s order. He indicated that he did not need any discovery, but asked the court for a copy of “the dates, the filing dates, for anything filed in the matter; all filings in the case, from the initial lawsuit up until this most recent one, each date and what has actually been filed in the court.” The court indicated that, since the record was not very long, the entire record would be sent to Buras. Buras also stated that he would probably be filing some motions, once he had accurate dates to present to the court, and the court set a time period within which such motions could be filed. His actions showed an intention to move the ease toward judicial resolution, which might be considered a waiver of his right to claim abandonment. However, given that the only information Buras requested from the court pertained to the dates on which pleadings were filed, so that he could file certain pleadings using those dates, it appears he had in mind the possibility that the abandonment period had run. Therefore, we conclude that, under these facts, Buras did not waive his right to assert the defense of abandonment.
A claim is abandoned when neither party takes a step in its prosecution or defense in the trial court for a period of three years. LSA-C.C.P. art. 561(A)(1). Although Buras claimed that the last step taken by either party was taken by the | mWilkersons in August 2007, the record shows that Buras’s application for writ of mandamus, filed on May 26, 2009, to force a ruling on his exception of no right of action, was the last step taken by one of the parties. The court ruled on the motion on July 10, 2009, and filed the judgment into the record on July 13, 2009. The question before us is on which of these three dates the period for abandonment began to accrue.
This court recently held that an action by the court on its own motion, in this instance continuing the trial due to the parties’ failure to file pre-trial statements, did not interrupt the period for abandonment. Hilbert v. Miley, 12-2108 (La.App. 1st Cir.11/14/13), 136 So.3d 847, 849-50. The last “step” taken by either party in the Hilbert case was the plaintiffs motion to set the matter for trial, which was filed on February 6, 2009. Trial was set for April 21, 2009, but continued by the court on its own motion. Nothing further was done by either party until April 2, 2012, when the plaintiff filed another motion to set the matter for trial. This court held that the action taken by the court to continue the trial date did not interrupt the abandonment period, because it was not taken by one of the parties. Hilbert, 136 So.3d at 849-50.
However, this court, in the Hinds case, held that the abandonment period began to run anew on the day after the trial court declared that the plaintiffs motion to set the matter for trial was “moot,” in effect denying the motion. Hinds-, 57 So.3d at 1185. There, the plaintiff had filed a motion to continue and reset a hearing date on October 18, 2004. The court took no action on the plaintiffs motion to reset the hearing until May 14, 2007, when it marked the motion as “moot” and returned it to the clerk of court for filing. The next step toward prosecution was taken by the plaintiff on June 3, 2009, by filing another motion to set the matter for a hearing. This court stated that on May 14, 2007, when the trial court in effect denied the plaintiffs motion filed on October 18, 2004, by declaring it “moot,” the step initiated *978 by the plaintiff was completed and the abandonment period began anew at that time. The obvious difference between the Hinds case and the Hilbert case is that the court’s action in Hinds was taken in response to an action taken by a party, thereby completing that |nparty’s “step.” In contrast, in the Hilbert case, the trial court’s action was not taken in response to anything done or requested by a party. Therefore, it did not interrupt the abandonment period.
The facts in this case more closely resemble those in Hinds than those in Hil-bei~t. Buras’s application for a writ of mandamus, filed on May 26, 2009, to force a ruling on his exception of no right of action, was the last step taken by one of the parties. However, the court’s action in filing the July 10, 2009 judgment in the record on July 13, 2009, at 2:34 p.m., completed that party’s step. In accordance with LSA-C.C.P. art. 5059, in computing the period of time prescribed by law, the date of the act after which the period begins to run is not to be included. The last day of the period is to be included, and therefore, in this case, the Wilkersons had the entirety of July 13, 2012, within which to file a pleading to maintain the action. On July 13, 2012, at 4:38 p.m., the Wilker-sons moved for a pre-trial conference. Accordingly, this action taken by the Wilker-sons was within the three-year period, such that their case was not abandoned.
In reaching this conclusion, we also recognize that the jurisprudence interpreting LSA-C.C.P. art. 561 establishes that, with the exception of formal discovery, in order to interrupt the running of the abandonment period, the step must be taken in the proceedings and “must appear in the record of the suit.” See Clark, 785 So.2d at 784.[4] In this case, the signing of the judgment on July 10, 2009, did not appear in the suit record until July 13, 2009, when it was filed. Therefore, it was the filing date of the judgment that completed the step taken by Buras to force a ruling on his exception of no right of action.
CONCLUSION
For these reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Eric Joseph Buras.
REVERSED AND REMANDED.
GUIDRY, J., dissents in part and assigns reasons.

. The petition was "fax-filed" on November 14, 2006, but is stamped as filed on November 16, 2006.

. Buras has since pled guilty to second degree murder and was sentenced on October 26, 2009.

.The Wilkersons’ exception and answer to the reconventional demand is stamped "fax filed” on August 23, 2007, but is stamped as filed on August 27, 2007. In addition, the deputy clerk signed the document and dated the filing as August 27, 2007.

. In the Hinds case, this court did not take into consideration the constraint noted in Clark that the step "must appear in the record of the suit,” when it referred to the date that the court “marked” the motion as moot as being the completion of the party’s step.