**DESIGNATED FOR PUBLICATION**

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 CA 0791

HANCOCK BANK OF LOUISIANA (formerly First National Bank of Denham Springs)

VERSUS

LEONARD A. ROBINSON AND PEGGY M. HAIRSTON ROBINSON

Judgment rendered: **MAR 1 1 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C510034, Sec. 25

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

| | |
|---|---|
| Leonard A. Robinson<br>Peggy M. Hairston Robinson<br>Zachary, Louisiana | In Proper Person/Appellants |
| Jill Craft<br>W. Brett Conrad, Jr.<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee<br>W. George Bayhi |
| Jonathan G. Wilbourn<br>Candace B. Ford<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee<br>Fidelity National Title Insurance<br>Company |
| E. Clark Gaudin<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Hancock Bank of Louisiana |

* * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**HOLDRIDGE, J.**

Appellants, Leonard A. Robinson and Peggy M. Hairston Robinson, appeal the trial court's judgment dismissing their case as abandoned. For the reasons that follow, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

In 2003, Hancock Bank of Louisiana filed a petition for executory process against the appellants seeking to foreclose, via executory process, on certain immovable property located in East Baton Rouge Parish. On November 26, 2003, the foreclosure was completed and the property was sold to Millwood One, LLC at a sheriff's sale. Thereafter, nothing was filed in the record after 2003 until July 30, 2019, when appellants and Metropolitan Mutual Mortgages, Inc. (MMM) filed a "Petition to Declare Judgments, Writs, and Petition for Eviction Absolute Nullities Pursuant to La. R.S. 2002 and Damages." Therein they named the following defendants: 1) E. Clark Gaudin and G. Allen Welch, attorneys representing Hancock Bank; 2) Barbara Lange, recovery adjuster for Hancock Bank; 3) W. George Bayhi and Kathryn Brown, attorneys for Millwood One, LLC; and 4) Fidelity National Title Insurance Company.[1] Appellants and MMM alleged that MMM and the United States Small Business Administration were indispensable parties to the foreclosure proceeding, and were intentionally omitted from the foreclosure proceedings. Therefore, they prayed, among other things, "for a Judgment of Nullity in suit number 510034[,]" and that the "original foreclosure suit that the Writ of Possession issued on 510034 day be recognized as a wrongful seizure (sic)."

---

[1] This defendant was originally sued as "First National Insurance Company by merger with Lawyers Title of Baton Rouge." However, it filed an "*Ex Parte* Motion and Judgment for Dismissal for Abandonment" as "Fidelity National Title Insurance Company." Therefore, we will refer to this defendant by the name in which it filed the pleading.

2

The various defendants filed responsive pleadings, with Mr. Bayhi raising the objections of prescription, res judicata, and no cause of action, and alternatively, the objections of vagueness, ambiguity, and lack of jurisdiction. Fidelity National Title Insurance Company filed an "*Ex Parte* Motion and Judgment of Dismissal for Abandonment" arguing that plaintiffs' action had been abandoned given that nothing appeared in the suit record between 2003 and 2019.

On November 25, 2019, the trial court signed a judgment that dismissed appellants and MMMs' claims "in their entirety as being abandoned under Article 561 of Louisiana's Code of Civil Procedure, such dismissal to be without prejudice[.]" Appellants filed the instant appeal to seek review of the trial court's ruling dismissing their suit as abandoned. The trial court signed an order of appeal on January 10, 2020.[2] Thereafter, on January 22, 2020, the trial court signed another judgment that granted "the Exceptions filed by defendant George Bayhi" and dismissed appellants' action against Mr. Bayhi with prejudice. Mr. Bayhi filed a motion to dismiss plaintiffs appeal for lack of jurisdiction. Mr. Bayhi argues that this Court does not have jurisdiction over the January 22, 2020 judgment because it was signed after the January 10, 2020 order granting appellants' appeal. Due to our holding in this matter, we pretermit discussion of Mr. Bayhi's motion to dismiss.

## DISCUSSION

Louisiana Code of Civil Procedure article 561 governs abandonment of cases, providing, in pertinent part:

---

[2] As noted in Fidelity National Title Insurance Company's brief, appellants' motion for appeal references a "November 19, 2019" judgment, and the order of appeal is silent as to which judgment is being appealed. Given the foregoing, Fidelity National Title Insurance Company contends that this Court has no jurisdiction to entertain the merits of the appeal because the incorrect date of the judgment is listed on appellants' notice of appeal. We find that although appellants' devolutive appeal references the incorrect date of the final judgment, this Court will consider the merits of this appeal in light of appellants' status as self-represented litigants. See **Montecino v. Louisiana Department of Public Safety and Corrections**, 2017-0735 (La. App. 1 Cir. 12/21/17), 240 So.3d 229, 230; **Putman v. Quality Distribution, Inc.**, 2011-0306 (La. App. 1 Cir. 9/30/11), 77 So.3d 318, 320.

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]

\*\*\*

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

\*\*\*

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Louisiana Code of Civil Procedure article 561 provides the exclusive procedure for a judgment dismissing an action on the basis of abandonment. See **In re Succession of Roberts**, 2015-356 (La. App. 3 Cir. 11/4/15), 178 So.3d 261, 263, writ denied, 2015-2227 (La. 1/25/16), 185 So.3d 753. First, the provisions for abandonment of an action becomes operative without a formal order. La. C.C.P. art. 561(A)(3). It occurs automatically on the passing of three years without a step being taken by either party, and it is effective without a court order. **McNealy v. Englade**, 2019-0573 (La. App. 1 Cir. 2/21/20), 298 So.3d 182, 186. Second, on the *ex parte* motion to dismiss on the basis of abandonment of any party or other

4

interested person, with an affidavit,[3] "the trial court **shall** enter a formal order of dismissal as of the date of its abandonment." La. C.C.P. art. 561(A)(3). (Emphasis added.) It is improper for the trial court to set a motion to dismiss on the basis of abandonment instead of signing an order of dismissal *ex parte* as required by La. C.C.P. art. 561(A)(3). See **Id**. at 185. Third, the plaintiff may file a motion to set aside the dismissal within thirty days of the date of the sheriff's service of the order of dismissal. La. C.C.P. art. 561(A)(4). See **Id**. at 185. The hearing on the motion to set aside dismissal is a contradictory hearing wherein the plaintiff must produce evidence as to why the order of dismissal shall not be set aside. See **Woodward v. Lumbermens Mut. Cas. Co.**, 2000-0399 (La. App. 1 Cir. 3/28/01), 808 So.2d 554, 556. Alternatively, the plaintiff may appeal the order of dismissal within sixty days of the date of the sheriff's service of the order of dismissal. See La. C.C.P. art. 561(A)(5). If an appeal is taken from the order of dismissal, there is a contradictory hearing, and on appeal, the appellate court shall only consider the evidence in the record since a contradictory hearing was not requested wherein evidence could have been introduced. The failure to file a "motion to set aside dismissal" and introduce evidence is particularly relevant if the interruption of the abandonment period is dependent upon formal discovery which was not filed in the record. See La. C.C.P. art. 561(B).[4]

In this case, appellants did not file an *ex parte* motion to set aside the November 25, 2019 trial court judgment of dismissal for abandonment pursuant to La. C.C.P. art. 561(A)(4). See **Bourg v. Entergy Louisiana, LLC**, 2012-829 (La. App. 5 Cir. 4/10/13), 115 So.3d 45, 48, <u>writ denied</u>, 2013-1064 (La. 6/21/13), 118

---

[3] Fidelity National Title Insurance Company submitted with its motion and order an affidavit of its counsel of record attesting that no step in the prosecution or defense of the action had taken place during the three year abandonment period.

[4] Since the formal discovery may not be included in the record, the trial court and appellate court cannot consider such evidence if it is not admitted into evidence at the motion to set aside dismissal or if that motion is not filed. See **Clark v. State Farm Mut. Auto. Ins. Co.**, 2000-3010 (La. 5/15/01), 785 So.2d 779, 784.

So.3d 421. Instead, appellants devolutively appealed the judgment of dismissal pursuant to La. C.C.P. art. 561(A)(5). The record does not reflect service of the November 25, 2019 judgment of dismissal on appellants pursuant to La. C.C.P. arts. 1313 or 1314. However, the absence of proof of service from the record does not affect the timeliness of appellants' appeal. See **Payton v. Lake Lawn Park, Inc.**, 2015-0274 (La. App. 4 Cir. 11/10/15), 179 So.3d 809, 811 n.6. Based upon the record before us, the delay never started in this case for a motion for new trial or an appeal of the November 25, 2019 judgment since the record does not contain any service information. Therefore, the appellants' devolutive appeal was timely filed. See **Lewis v. Southern University and Agricultural and Mechanical College**, 2013-2213 (La. App. 1 Cir. 12/30/14), 2014 WL 7455047, at *1 n.2 (unpublished), writ denied, 2015-0495 (La. 5/15/15), 170 So.3d 968; see also **Wilkerson v. Buras**, 2013-1328 (La. App. 1 Cir. 8/12/14), 152 So.3d 969, 976.

Louisiana Code of Civil Procedure article 561 imposes three requirements on a plaintiff to avoid having a case dismissed due to abandonment. First, plaintiff must take a "step" towards prosecution of his lawsuit. A "step" is defined as taking formal action before the court that is intended to hasten the suit toward judgment. **Clark**, 785 So.2d at 784. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. **Id.** Third, the step must be taken within the three-year period prescribed by Article 561. **Id.** "When the parties take no steps in the prosecution or defense of their claims during the period set forth in [La. C.C.P. art.] 561, "'the logical inference is that the party intends to abandon the claim and the law gives effect to this inference'." **Id.** at 786-7, quoting **Young v. Laborde**, 576 So.2d 551, 552 (La. App. 4 Cir. 1991).

Whether a step in the prosecution or defense of a case was taken in the trial court within a period of three years is a question of fact subject to a manifest error analysis on appeal. **Wilkerson**, 152 So.3d at 974. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. **Id.,** citing **Hinds v. Global Intern. Marine, Inc.,** 2010-1452 (La. App. 1 Cir. 2/11/11), 57 So.3d 1181, 1183.

From our review of the record, it is clear that after the foreclosure was completed in 2003, no action has been taken in this matter by any party until 2019 when appellants and MMM filed a "Petition to Declare Judgments, Writs, and Petition for Eviction Absolute Nullities Pursuant to La. R.S. 2002 and Damages" against the defendants.[5] This is clearly beyond the three year abandonment period mandated by La. C.C.P. art. 561. Thus, we find that the trial court properly dismissed appellants' claims as abandoned.

We note that the November 25, 2019 judgment dismissed appellants' claims without prejudice. Louisiana Code of Civil Procedure article 1673 states, in pertinent part, that "... [a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." The Official Revision Comment notes that "[a] case dismissed without prejudice can be reinstituted; the judgment is neither final nor definitive." See La. C.C.P. 1673, comment 1960. Thus, the trial court's ruling in this case may not preclude appellants from refiling a petition for absolute nullities and damages against defendants if the appellants' claims are not expired, prescribed, or perempted. See **Rose v. Computer Sciences**

---

[5] We note that a petition for executory process uses executory procedure and a petition for declaratory judgment and damages are ordinary procedure. See La. C.C.P. art. 851. Those procedures may not be cumulated in the same action since they employ different procedures. See La. C.C.P. art. 463. We pretermit any discussion of the improper cumulation since appellants' claims are abandoned.

7

Corp., 2015-813, 2017 WL 2911580, at *4 (E.D. La. July 2017); **NorthShore Regional Medical Center, L.L.C. v. Dill**, 2011-2271 (La. App. 1 Cir. 6/8/12), 94 So.3d 155, 165 n.7, <u>writ denied</u>, 2012-1494 (La. 10/8/12), 98 So.3d 862.

Accordingly, we find no error in the trial court's November 25, 2019 judgment granting the "*Ex Parte* Motion and Judgment of Dismissal for Abandonment" dismissing appellants' claims against defendants without prejudice. <u>See</u> **Wells v. Banks**, 2018-1612 (La. App. 1 Cir. 6/3/19), ___So.3d___, ___, 2019 WL 2335860, at *2.

## CONCLUSION

For the foregoing reasons, we affirm the November 25, 2019 judgment of the trial court. All costs of this appeal are assessed to appellants, Leonard A. Robinson and Peggy M. Hairston Robinson.

**AFFIRMED.**