# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #004

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **6th day of February, 2025** are as follows:

**BY Griffin, J.:**

2024-C-00406    PINNACLE CONSTRUCTION GROUP, L.L.C. VS. DEVERE SWEPCO JV, L.L.C., LIBERTY MUTUAL INSURANCE COMPANY AND UNITY VILLAGE HOMES, L.L.C. (Parish of St. Landry)

REVERSED AND REMANDED. SEE OPINION.

Hughes, J., additionally concurs for the reasons assigned by Crain, J.
Crain, J., concurs and assigns reasons.
McCallum, J., concurs in the result.
Guidry, J., concurs in the result.

PINNACLE CONSTRUCTION GROUP, L.L.C.

VS.

DEVERE SWEPCO JV, L.L.C., LIBERTY MUTUAL INSURANCE
COMPANY AND UNITY VILLAGE HOMES, L.L.C.

*On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of St. Landry*

**GRIFFIN, J.**[*]

We granted this writ to determine whether the actions of the parties resulted in the matter being abandoned. For the reasons that follow, defendants' action in moving to continue and reset a hearing date constituted a step in the resolution of the case and therefore waived their defense of abandonment.

## FACTS AND PROCEDURAL HISTORY

Pinnacle Construction Group, LLC ("Pinnacle") filed suit in 2013 against Unity Village Homes, Inc. ("Unity"), Devere Swepco JV, LLC ("Devere"), and Devere's insurer, Liberty Mutual Insurance Company ("Liberty Mutual"). Pinnacle, a sub-contractor, claimed it was not paid for work performed for Devere, the contractor, in the development of Unity's subdivision in Eunice, Louisiana. Devere and Liberty Mutual answered the suit and filed a reconventional demand against Pinnacle and a cross-claim against Unity. Pinnacle answered the reconventional demand. In March 2015, Pinnacle confirmed a default judgment against Unity in the amount of $198,000.00. In November 2015, Unity filed a petition to annul the

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3.

[*] Chief Judge John Michael Guidry, was appointed Justice ad hoc, sitting for Justice Scott J. Crichton for oral argument. He sits as an elected Justice at the time this opinion is rendered.

default judgment on the grounds that, when it was noticed of Pinnacle's lien, it deposited into the registry of the court a bond securing the lien. Unity argued that under La. R.S. 9:4835, the filing of this bond extinguished its obligation to Pinnacle.

Prior to the hearing on Unity's petition, Pinnacle sought leave of court to amend and supplement its petition. The trial court set the hearing dates for Unity's petition for annulment and Pinnacle's motion for leave to amend for May 19, 2016. Unity then sought to amend its petition to annul. Pinnacle filed an opposition to that amendment on May 16, 2016, which was not set for hearing by the trial court until March 17, 2017. At the March 17 hearing, the trial court fixed the foregoing motions for hearing on September 25, 2017.

> The court minutes of that day state:
>
> Attorney Skip [Phillips] present in court on behalf of the Plaintiffs. Attorney John Seago present in court on behalf of Devere Swepco. Attorney Vallerie Gotch Garrett present in court on behalf of Unity Village Homes, Inc. Matter before the Court is a Petition to Annul Judgment. This matter is passed without date. Attorney Skip [Phillips] to submit letter informing the Court of the various matters that are pending.

The record discloses no further action in the case until September 25, 2020, when Pinnacle filed a motion to have the hearing reset. The trial court did not address that motion until August 18, 2021, when it ordered that the prior motions be heard on October 25, 2021. Unity filed a motion to enroll new counsel of record, and the hearing was continued to March 7, 2022.

On March 3, 2022, Devere and Liberty Mutual moved to continue the hearing as their counsel of record needed an emergency nephrectomy surgery ("the surgical continuance"). The motion to continue included an accompanying order requesting the hearing be reset for another date, and a May 23, 2022, hearing date was set; that hearing was not held, either.

On December 16, 2022, Liberty Mutual filed an *ex parte* motion to dismiss asserting that "no step in the prosecution or defense of the matter of the nature to

2

overcome abandonment was taken from at least July 19, 2016, for a period of more than three years." The trial court granted the *ex parte* motion. Pinnacle then moved to set aside the dismissal. The motion was denied, and Pinnacle appealed. Affirming, the court of appeals found the appearance at the September 25, 2017 hearing did not constitute a step in the prosecution equating it to an unopposed motion to continue without date. The court of appeal also rejected Pinnacle's argument that defendants waived the right to assert abandonment finding the surgical continuance did not constitute a step in the defense of the matter. *Pinnacle Constr. Grp., L.L.C. v. Devere Swepco JV, L.L.C.*, 23-0551, p. 10 (La.App. 3 Cir. 2/28/24), 380 So.3d 878, 887.

Pinnacle's writ application to this court followed, which we granted. *Pinnacle Constr. Grp., L.L.C. v. Devere Swepco JV, L.L.C.*, 24-0406 (La. 9/4/24), 391 So.3d 676.

## DISCUSSION

The issue before this Court is whether the lower courts erred in granting Liberty Mutual's *ex parte* motion to dismiss on the grounds of abandonment. In *Bd. Of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll. v. Bickham*, 23-1364, pp. 5-6 (La. 10/25/24), 395 So.3d 792, 798, this Court recently observed that:

> [a] suit is considered abandoned when the parties fail to take a step in its prosecution or defense for a period of three years. La. C.C.P. art. 561 A (1). "Abandonment occurs automatically upon the passing of three years without either party taking a step in the prosecution or defense of the action." *Wilkerson v. Buras*, 13-1328, p. 6 (La. App. 1 Cir. 8/12/14), 152 So.3d 969, 974-75 (citing La. C.C.P. art. 561 A (1) and (3)). As a question of law, the issue of whether a lawsuit is abandoned is subject to *de novo* review. *Felo v. Ochsner Med. Ctr.-Westbank, LLC*, 15-459, p. 5 (La. App. 5 Cir. 12/23/15), 182 So.3d 417, 420.

> This Court recently reiterated that, for purposes of Article 561, a "step" in the prosecution or defense of a suit is either "a formal action before the court intended to hasten the suit towards judgment" or "the taking of formal discovery." *Williams v. Montgomery*, 20-01120, p. 5 (La. 5/13/21), 320 So.3d 1036, 1041.

3

Under this framework, we turn to the matter at hand.

Pinnacle's primary argument is that Liberty Mutual waived its right to assert abandonment as the waiver exception has been applied only where, after the abandonment period has accrued, a defendant has taken steps that facilitated a judicial resolution of the dispute on the merits and were an expression of the defendant's willingness or consent to achieve judicial resolution of the dispute. *See Wilkerson v. Buras*, 13-1328 p. 7 (La. App. 1. Cir. 8/12/14), 152 So.3d 969, 975. Pinnacle, therefore, maintains that the surgical continuance constituted a waiver of abandonment by the defendants.

Liberty Mutual counters that it did not waive the right to assert abandonment as the motion for the surgical continuance did not request a specific date; thus, it did not constitute a step in the defense of the case. *See Taylor v. Dash Equipment & Supplies, Inc.*, 18-0335 (La. App. 3 Cir. 11/7/18), 258 So.3d 909; *Provenza v. City of Bossier City*, 54-002 (La. App, 2 Cir. 6/30/21), 334 So.3d 246. Liberty Mutual contends that it did not express a willingness to achieve a judicial resolution post-abandonment in the filing of the surgical continuance. *See Satterthwaite v. Byais,* 05-0010, p. 4 (La. App. l Cir. 7/26/06), 943 So.2d 390, 393. We disagree.

The filing of the surgical continuance by Liberty Mutual waived its right to assert abandonment as it "was inconsistent with an intent to treat the case as abandoned." *Bickham*, 23-1364, p. 12, 395 So.3d at 802. The motion did not request a continuance without date; rather, it reflected an intent to reset the hearing and was accompanied by an order that provided a date for the trial court to reset the hearing. Motions to continue a hearing, accompanied by orders to reset the hearing date, evidence an intent to advance a lawsuit and are "steps" as contemplated by Article 561. *See Bickham,* 23-1364, p. 7, 395 So.3d at 799; *Hinds v. Glob. Int'l Marine, Inc.,* 10-1452, p. 5 (La. App, 1 Cir. 2/11/11), 57 So.3d 1181, 1184. In *Clark*, this Court

observed that a defendant's post-abandonment action can serve to waive his right to plead abandonment. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, pp. 15-16 (La. 5/15/01), 785 So.2d 779, 789. Based on the facts of this case and considering that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit, Liberty Mutual's post-abandonment action of filing the surgical continuance, requesting that the hearing be reset, constituted a step in its defense of the matter, which waived its right to assert abandonment.

## DECREE

For the foregoing reasons, the rulings of the lower courts are reversed, and the matter is remanded for proceedings consistent with this opinion.

**REVERSED AND REMANDED**

# SUPREME COURT OF LOUISIANA

## No. 2024-C-00406

## PINNACLE CONSTRUCTION GROUP, L.L.C.

## VS.

## DEVERE SWEPCO JV, L.L.C., LIBERTY MUTUAL INSURANCE COMPANY AND UNITY VILLAGE HOMES, L.L.C.

On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of St. Landry

**CRAIN, J.,** concurring.

I concur in reversing the lower courts' rulings because I find the attorneys' appearances at the September 25, 2017 hearing constituted a step in the prosecution or defense of the case, thus, there was no accrual of the three-year abandonment period. I find a meaningful distinction between the attorneys' spontaneous agreement to continue the matter at the hearing and a pre-hearing request for a continuance. The attorney's appearance evidenced their intent to move the case forward.

The majority chooses to decide this matter on the issue of waiver, which presumes abandonment occurred. While I find abandonment did not occur, I also agree filing the motion for surgical continuance was inconsistent with an intent to abandon the case. The motion requested the hearing be reset and was accompanied by an order, which included spaces for a new hearing date. *See Bd. of Supervisors of Louisiana State University and Agricultural and Mechanical College v. Bickham*, 2023-01364 (La. 10/25/24), 395 So.3d 792, 799. It was not a motion for a continuance without date, and it is immaterial if the hearing itself pertained to a cause of action between other parties.